[No. 603.   Decided December 13, 1892.]

## T. H. CLANCY AND F. W. CLANCY, *Respondents*, v. PETER REIS AND A. LOMBRADINA, *Appellants*.

TRIAL — IMPANELING JURY — DENIAL OF NON-SUIT — INSTRUCTING JURY TO FIND FOR PLAINTIFF.

Error arising in impaneling a jury is not prejudicial to defendants, if, under the evidence presented to such jury, the court is warranted in instructing it to render a verdict for plaintiffs.

Where the testimony presented on the part of the plaintiffs is sufficient to establish all of the allegations of the complaint which were put in issue by the answer, and the defendants introduce no proof tending to disprove the *prima facie* case of the plaintiffs, but rest upon an exception to the denial of their motion for non-suit, the court is warranted in instructing the jury to find a verdict for plaintiffs.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman*, for appellants.

*T. H. Cann*, and *White & Munday*, for respondents.

The opinion of the court was delivered by

HOYT, J.—The principal question presented by this record is the same as that decided by this court in the case of *Hall & Paulson Furniture Co. v. Wilbur*, 4 Wash. 644 ( 30 Pac. Rep. 665 ). We are satisfied with the conclusion reached therein, and that decision must be held conclusive of such principal question. There are, however, two other alleged errors presented by the record in this case: ( 1 ) As to the action of the court in the impaneling of a jury for the trial of the cause; and ( 2 ) as to its action in instructing the jury to find a verdict for the plaintiffs.

As to the first question, any error that the court might have committed could not have been prejudicial to the rights of the defendants if the action of the court presented by the second question above suggested is sustained. Defendants' case could not have been at all affected by the composition of the jury if under the evidence presented to such jury the court was warranted in instructing it to render a verdict for plaintiffs.

As to the second question, the defendants contend that, as there was an issue of fact made by the pleadings, the decision thereof should have been left to the jury, notwithstanding the fact that there was proof on the part of the plaintiff as to the existence of each of the material facts put in issue by the answer, and absolutely no proof in regard thereto on the part of the defendants. We are unable to agree with this contention. The testimony presented on the part of the plaintiffs having been sufficient to establish all of the allegations of the complaint put in issue by the answer, the court had the right to assume such facts to be proven for the purposes of that case unless the defendants introduced some proof tending to disprove the *prima facie* case thus made by the plaintiffs. In the case at bar the defendants, at the close of plaintiffs' testimony, moved

the court to non-suit the plaintiffs, and said motion having been denied, rested their rights upon an exception to such ruling and refused to put in any proof. Under these circumstances, we think an instruction to the jury to return a verdict for the plaintiffs was not erroneous.

The judgment must be affirmed.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.