[No. 3143. Decided March 4, 1899.]

M. L. JOSE *et al., Respondents,* v. WARREN STETSON *et al.,*
*Appellants.*

NEGLIGENCE—PLEADING AND PROOF—NON-SUIT—QUESTIONS FOR JURY
—HARMLESS ERROR.

Where a complaint in an action for damages charges several
acts and omissions constituting negligence, any one or more of
which is sufficient to warrant a recovery, the defendant is not
entitled to a non-suit through failure of plaintiff to prove some
of the elements of negligence alleged in the complaint, if there
is proof as to others.

The fact that plaintiff has given contradictory testimony as
to the title to property for whose negligent loss he was suing
would not warrant the court in non-suiting him, but the question
of title was one for the jury to determine.

Error of the jury in giving plaintiff a less verdict than the
evidence shows he is entitled to is one that the defendant cannot
urge on appeal, as the injury is to plaintiff and not to defendant.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge. Affirmed.

*John E. Humphries, W. E. Humphreys,* and *Harrison
Bostwick,* for appellants.

*Brady & Gay,* and *Milo A. Root,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The respondents hired the appellants
to tow from the mouth of Whiskey creek in Clallam
county, Washington, to Ballard, Washington, a certain
boom of logs consisting of six sections. The appellants,
while towing the logs with their tugboat, encountered a
storm in the Straits of Juan de Fuca, during which the
boom was torn loose from the tugboat, drifted away and
was lost. The respondents sue in this action to recover
the value of the logs, alleging ownership in themselves,

the value of the logs at $1,925, and that they were lost because of certain negligent acts of the appellants. The appellants filed a general denial, admitting only the contract of hire. On the issues thus made a trial was had, resulting in a verdict and judgment in favor of respondents for $1,000. From that judgment this appeal is taken.

The errors assigned on the record are, (1) that the court erred in overruling appellants' motion for a non-suit, and (2) the court erred in overruling appellants' motion for a new trial.

1. Appellants insist that negligence cannot be imputed to them by the mere fact that the tow was lost during a storm at sea, but that negligence on their part must be alleged and proved, in order to warrant a recovery. They insist further that the basis of respondents' complaint was the allegation that the master in charge of the tugboat was incompetent, unskillful and unacquainted with the waters over which he was required to make the tow; that respondents failed to offer any evidence on this part of their complaint, and, having so failed, they cannot recover, and the motion for non-suit should have been granted.

While it may be conceded that it was necessary for respondents to allege and prove some act of negligence on the part of the appellants, causing the loss of the tow, before they would be entitled to recover, it cannot be conceded that the allegations of incompetency, unskillfulness and want of knowledge on the part of the master of the waters of the Straits, were the only elements of negligence contained in the complaint. In addition to these allegations, the complaint charges that the master, without the knowledge or consent of the respondents, overloaded the tugboat, by attempting to tow three additional sections of logs, the property of a third person; that he left a place of safety and entered the open waters of the Straits, when he knew, or had sufficient cause to know, that a dangerous

storm was approaching; that, after encountering the
storm, he kept on his course, when a place of safety was
within his reach; that, after the logs were torn loose from
the tugboat, he suffered them to float away and become
lost, when by reasonable diligence he could have recovered
the greater portion of them. These allegations, we con-
ceive, contain charges of separate and distinct acts of neg-
ligence, the proof of any one or more of which would war-
rant a recovery, even though it be not shown that the
officer in charge of the tugboat did not possess the
requisites of a competent and skillful master. This view
of the complaint renders it unnecessary to pursue the ques-
tion whether or not there was before the jury any evidence
tending to show incompetency or unskillfulness on the
part of the master in charge of the tugboat.

Respondent Thomas Jose, on cross-examination, tes-
tified to a certain agreement made between the respond-
ents and the firm of Carstens Brothers, by which the re-
spondents purported to sell to Carstens Brothers "all the
logs to be logged off" by them from certain described
lands, in consideration of supplies to be furnished and
conditions to be performed on the part of Carstens Broth-
ers. The agreement is set out in full in the record, and
contains recitals to the effect that the title to the logs shall
be and remain in Carstens Brothers until certain pay-
ments provided for therein shall be made, and that Car-
stens Brothers shall have full title and control of the logs
for the purpose set forth in the agreement. Questioned
further, the witness stated that the logs lost by the tug
were gotten out under this agreement and that respondents
had no other title to them "than the title provided for in
this contract." On re-direct examination he stated that
the logs in dispute were not cut from off the lands de-
scribed in the contract, but were cut from an adjoining
tract, purchased by respondents with their own means, and

were not in any manner connected with the logs described in the contract. From this the appellants argue that the agreement mentioned placed the title of the logs in Carstens Brothers; that respondents had no sufficient title to them to maintain an action for their loss, and that the court should have granted their motion for non-suit for these reasons.

It may be doubted whether this agreement is sufficient in itself to warrant the conclusion that the title to the logs was in Carstens Brothers, even though it be conceded that the logs were cut from off the lands described therein; but, waiving this point, we do not think the lower court erred in submitting the question of title to the jury. The record, it is true, offers but very little explanation of the flatly contradictory statements made by the witness. It does appear, however, that the witness was somewhat hard of hearing; and his answers in other parts of the record, while showing no lack of intelligence or want of frankness, would indicate that he did not, for this or some other reason, always clearly comprehend the purport of the questions put to him. But, had the record offered no explanation, it was not for the trial judge to say which of the statements contained the truth. That question was one within the peculiar province of the jury to determine, and the trial judge very properly submitted it to them.

2. On their second assignment of error the appellants contend there is no evidence in the record from which the jury were warranted in finding the respondents were damaged by the loss of the logs in the sum of $1,000. They argue that the only evidence on the question of value showed the logs to be worth at the place of delivery the amount stated in the complaint, and "the verdict of the jury should have been for $1,925; while the verdict of the jury is for $1,000. The jury had no right to disregard the testimony and bring in a verdict against the appellants

for $1,000." The appellants have not called to our notice a case where this contention has been maintained; nor do we think the objection ought to be allowed to avail them. The error operated to the injury of the respondents, not the appellants; and, if respondents choose to waive it, we know of no reason why they should not be permitted to do so. The rule is that error, to be available, must operate to the injury of the complaining party. *Brown v. Forest,* 1 Wash. T. 201; *Clancy v. Reis,* 5 Wash. 371 (31 Pac. 971); *McGowen v. West,* 7 Mo. 569 (38 Am. Dec. 468).

The judgment is affirmed.

GORDON, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.