[No. 3239. Decided April 1, 1901.]

24   421
e37  654

SECOND NATIONAL BANK OF COLFAX, *Appellant, v.* M. F. HATCH, *Respondent.*

FINDINGS BY COURT.— CONCLUSIONS.

Where a jury is waived in an action at law and the case is tried by the court, the findings of the court are equivalent to a verdict, and will not be interfered with, when there is evidence upon which to base the findings.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*T. O. Abbott,* for appellant.

*Corliss & McKay,* for respondent.

PER CURIAM.—This action is for the recovery of a certain boiler and for damages for its detention. The action was instituted in the superior court of King county. The plaintiff, appellant here, alleges in its complaint that it is the owner and entitled to the possession of a certain chattel known as a "marine boiler of the Smith & Watson make," and that, while it was in the peaceable possession thereof, the defendant, respondent here, without its consent or knowledge, took the said chattel into his possession and has since withheld the same. The answer denies the material allegations of the complaint and sets up two affirmative defenses, the first of which is that the boiler referred to is not a chattel but that it was, on the 5th day of November, 1890, made a part of the real estate known as blocks "D" and "E" in the town of Quartermaster, Washington; that the defendant has a lien on said real estate, and the said boiler attached thereto, by virtue of a certain judgment in his favor rendered in the superior court of King county on the 2d day of February, 1894. The second affirmative defense alleges that the defendant acquired a lien upon said premises for certain materials furnished to one James Bleeker for the purpose of making certain improvements upon said premises, amounting to the sum of $2,346.34; that said Bleeker contracted to pay for the same, but, failing to keep said contract, the defendant filed a mechanic's· lien against said premises and by an action in the superior court of King county he had foreclosed said lien, and secured judgment against said Bleeker and certain other defendants. Plaintiff demurred to the second affirmative defense on the ground that the same did not constitute a defense or counterclaim to the allegations of the complaint. The demurrer was overruled. In its reply plaintiff denies the allegations of the first affirmative defense, and states that it has no information sufficient to form a belief as to

the allegations of the second affirmative defense, except
that part of said defense which alleges that said boiler was
a part of said real estate, which allegation plaintiff denies;
and by way of an affirmative defense to the allegations of
the answer, plaintiff alleges that about the 2d day of June,
1891, the said James Bleeker made an assignment for the
benefit of his creditors in the superior court of the state of
Washington, for the county of Pierce; that an assignee
was duly elected, and that, among the assets of said Bleek-
er, listed and inventoried by said assignee, was a certain
brick plant situated upon said premises, consisting, among
other things, of the said boiler; that under the orders and
directions of such court the assignee took possession of said
boiler and finally sold the same, together with other property,
to one John Burke, the sale being duly confirmed by
said court, and the said Burke paying into court the
amount ordered by the court; that thereupon said Burke
took possession of said boiler (with other property), and
removed the same to a point in the city of Tacoma; that
the defendant herein, as one of the claimants against said
Bleeker, appeared in the said assignment proceeding by
his attorneys, and was regularly served with notice, from
time to time, of the proceedings therein, and stipulated
that the sale might be made; that thereafter, to-wit, on
the 5th day of May, 1894, the plaintiff herein obtained a
judgment against the said Burke in the superior court for
Whitman county, for the sum of $5,150.53, and that exe-
cution was issued thereunder directed to the sheriff of
Pierce county; that said sheriff levied upon said boiler
(with the other property), and sold the same to the plain-
tiff for the sum of $1,000, which was duly credited upon
said judgment; that the plaintiff thereupon took possession
of said boiler, and the same remained in its possession until
about the 1st day of March, 1897, when the defendant,

without the knowledge or consent of the plaintiff, removed said boiler to a point near said premises and took the same into his possession and has since unlawfully withheld the same.

On the issues thus defined the cause was submitted to the court for trial without a jury, a jury being waived, and, after hearing the evidence, the court found for the defendant and rendered a judgment in his favor dismissing the action at plaintiff's costs. From this judgment plaintiff now appeals. An abbreviated statement of the court's findings is as follows: That on the 5th day of November, 1890, James Bleeker and Mary, his wife, were owners, as their community property, of an equitable estate in the lands described in the answer, and that afterwards, on the 30th day of April, 1891, they became the owners of the legal title by conveyance; that on and after the 5th day of November, 1890, the said James and Mary Bleeker were the owners, as their community property, of the boiler in controversy in this action; that on or about the 1st day of December, 1890, the said James Bleeker annexed and attached the said boiler to said land, and that thereafter the said boiler became and was a part and parcel of the said real estate; that under a contract between the defendant and said James Bleeker, the defendant furnished lumber and material for the said James and Mary Bleeker to be used in the construction of a wharf and other buildings and improvements upon said lands, said material having been furnished between the 1st day of December, 1890, and the 30th day of March, 1891; that within the time allowed by law the defendant filed his notice and claim of lien upon the said lands for said lumber and materials, and thereafter foreclosed said lien against the premises, and recovered judgment against said James Bleeker, which judgment and lien are still un-

satisfied; that in July, 1892, the said James Bleeker made a general assignment of all his property for the benefit of his creditors to one James H. Price; that in the year 1893, said Price, as such assignee, sold and conveyed to one John Burke all his right, title, and interest as such assignee in and to said lands; that after the said sale the said boiler was, without the consent of the defendant herein, removed from said real estate and taken to Tacoma, Washington; that it afterwards passed into the possession of the plaintiff herein, which had acquired all the rights of said Burke; and that, while in the possession of the plaintiff at the city of Tacoma, it was taken by defendant into his possession, and removed and replaced upon the same real estate where it now remains. From the above facts as found, the court entered the following conclusions of law:

"1. That from and after the first day of December, 1890, the boiler in controversy in this action became so annexed to the real estate described in the foregoing findings of fact that it became a fixture and a part of the real estate, and as a part of the real estate was and became subject to the defendant's lien for material furnished, and subject also to the lien of the said judgment rendered in defendant's favor in the action described in the foregoing findings of fact.

"2. That the said James H. Price, as assignee of James Bleeker, took the lands described in the foregoing findings subject to the said lien of the defendant, and that such assignee's title was subject to the lien of the said judgment mentioned, and that as against the defendant in this action the removal of the said boiler from the lands to which it was attached was wrongful and did not divest any right of the defendant herein.

"3. That the plaintiff in this action acquired no greater right in the said boiler than that possessed by the said Burke.

"4. That the defendant herein is entitled to have the said boiler subjected to the lien of his said judgment, and

to have a judgment in this action to that effect with his costs to be taxed.

"5. That the plaintiff in this action is not entitled to recover the said boiler from the defendant, nor the value thereof, nor damages for its detention, removal or return."

An examination of the record convinces us that there was evidence upon which to base the findings of the trial court. This is an action at law, and tried by the court because a jury was waived. We are, therefore, guided by the same rules which would have obtained had a verdict been rendered by a jury herein. We do not believe the record presents such a state of facts as would have warranted this court in interfering with the verdict of a jury, had such a verdict been rendered. For the same reason we decline to interfere with the verdict of the court. Upon the facts as found, we think there was no error in the conclusions of law. The Judgment of the lower court is, therefore, affirmed.