[No. 3865.   Decided July 27, 1901.]

HEBER N. TILDEN, *Respondent,* v. GORDON & COMPANY, *Appellant.*

NEW TRIAL—INSUFFICIENCY OF EVIDENCE.

Where the verdict of a jury in an action to recover the purchase price on a sale of goods is against defendant ·in such a sum as not to conform to the facts under either the plaintiff's or the defendant's theory of the case, the defendant is entitled to a new trial on motion therefor.

Appeal from Superior Court, King County.—Hon. W. T. SCOTT, Special Judge. Reversed. ·

*Byers & Byers,* for appellant.

The opinion of the court was delivered by

HADLEY, J.—Heber N. Tilden, doing business under the firm name and style of H. N. Tilden & Co., in San Francisco, brought this suit against Gordon & Company, a corporation, located and doing business in the city of Seattle. The plaintiff, respondent here, claims in the complaint that on the 8th day of July, 1899, he sold and delivered to the defendant, at the city of San Francisco, two hundred sacks of potatoes, weighing 22,905 pounds, and that defendant agreed to pay plaintiff therefor the sum of $1.70 per hundred pounds, or the total sum of $389.39; that, at the request of the defendant, the potatoes were delivered to the Pacific Coast Steamship Company at the wharf in San Francisco, consigned to the defendant at Seattle. It is alleged that the potatoes were sold upon the verbal order of one Fishel, who was the agent of defendant, that the whole sum is due and unpaid, and judgment is demanded for said sum. Under a second cause of action it is alleged that, prior to the time above mentioned, the

38—25 WASH.

plaintiff sold certain other goods to defendant at the agreed price of $365.42, upon which defendant has paid the sum of $323.17, leaving a balance of $42.25 due plaintiff on account thereof, and judgment is also demanded for the last named sum. The answer denies the material allegations of the complaint, and alleges affirmatively that the defendant ordered from one Caldwell, in Seattle, who purported to represent one Fishel, in San Francisco, two hundred sacks of fancy Burbank potatoes, upon condition that said potatoes should be strictly first class fancy stock; that, upon the arrival of said potatoes in Seattle, they were found upon examination to be inferior and unsalable stock, the top and bottom of each sack being filled with a fair quality of goods, but the middle of each sack was filled with little, inferior, and unmerchantable potatoes; that, upon examination and discovery of the defect in the goods, the defendant immediately notified said Caldwell that the potatoes were rejected, and were held subject to his order; that upon the day following the defendant received a telegram from plaintiff, stating that Fishel had acted as the broker of defendant, and that they refused to allow the rejection. It is further alleged that, by reason of the fact that the potatoes were decaying rapidly, it was agreed between plaintiff and defendant that they should be sold at the best price obtainable in the market. The potatoes were accordingly sold by defendant, and the proceeds of the sale amounted to $144.55. It is alleged that, prior to the commencement of this action, the defendant tendered said sum to plaintiff, which was refused, and that defendant has at all times since been, and is now, willing and ready to pay plaintiff said sum of $144.55, and now pays the same into the registry of the court for the use of plaintiff. The reply admits that plaintiff was notified that the potatoes were decaying, but denies every other material allegation of the

affirmative answer.    A trial was had before a jury, and a verdict was returned in favor of plaintiff for the sum of $208.    Thereafter the plaintiff moved the court for judgment upon the verdict of the jury for the sum of $431.64, being the full amount demanded by plaintiff under both causes of action stated in his complaint.    The defendant moved the court to set aside the verdict rendered, and to grant a new trial.    Among the grounds set forth in the motion for new trial are (1) error in the assessment of the amount of recovery, in that the same is too large; (2) insufficiency of the evidence to justify the verdict rendered, and that it is against the law.    The motions of both plaintiff and defendant were by the court denied, and judgment was thereupon entered in favor of plaintiff for the sum of $208, the amount returned by the verdict of the jury. From said judgment, the defendant has appealed.

Both appellant and respondent seem to agree in this case that the verdict and judgment were erroneous.    The respondent has not appealed from the judgment, but he has filed no brief, and has made no appearance in this court. From respondent's motion for judgment in the record we infer that it is evidently his theory that, if he is entitled to judgment at all, he is entitled, under the pleadings, to the full amount claimed in the complaint.    This, we think, must be true, at least with reference to the amount claimed in the first cause of action.    The complaint alleges a sale at an agreed price of $389.39, and that the whole amount is due and unpaid.    Under the complaint there is no question of value involved, and, if respondent recovers, he must recover upon the express contract alleged, and not for reasonable worth and value.    Appellant denies that there was any contract with respondent, and alleges that the potatoes were bought through Caldwell, as the representative of Fishel, in San Francisco.    Under the issue tendered by

the answer, respondent was a stranger to the sale, and in no way connected therewith. The answer discloses that appellant subsequently learned that Fishel had bought the potatoes of respondent, and that respondent claimed that Fishel acted as appellant's broker or agent, and, as such, made the contract set out in the complaint. It also avers that by agreement with respondent the potatoes were sold by appellant, in order to save them from decay, and that appellant holds the proceeds for respondent, which he refuses to accept; but there is no counterclaim set up in the answer, and appellant simply asks to be dismissed, with its costs and disbursements. The contract alleged being an express one as to price for the potatoes, and it being shown by the evidence that they were promptly delivered to appellant, since there is no plea of payment, counterclaim, or set-off, and no claim or pretense that any payment has been made, it follows that, if respondent is entitled to recover at all, he is entitled to the full amount claimed under the first cause of action. We are not able to account for the amount of the verdict under any theory presented by the pleadings or proofs. If the jury intended to treat the amount for which the potatoes were sold as a payment to be applied upon the purchase price, they were not authorized to do so under the pleadings. In any event, even if the jury so calculated in reaching their verdict, after deducting the sum of $144.55, the amount for which the potatoes were sold, from the alleged contract price, $389.39, there remains $245.84; whereas the verdict was for $208. If the amount claimed under the second cause of action be also considered under that theory, we are still unable to account for the amount of the verdict. We think, therefore, that, under any view, the verdict was erroneous. In view of the verdict that was rendered, and after an examination of the evidence, we believe the court did right in

denying respondent's motion for judgment for the full amount claimed, but we think it was error to deny appellant's motion to set aside the verdict and grant a new trial.

Since the judgment must be reversed for reasons already stated, it is not necessary to discuss other errors assigned on the introduction of evidence and the instructions of the court. The judgment is reversed, and the cause remanded, with instructions to the court below to set aside the verdict and grant the motion for a new trial.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT and WHITE, JJ., concur.