[No. 4835.   Decided January 5, 1904.]

SEATTLE BREWING & MALTING COMPANY, *Respondent, v.*
JAMES DONOFRIO, *Appellant.*[1]

COMPROMISE—SALE OF GOODS IN SETTLEMENT OF ACCOUNT—FAIL-
URE TO AGREE—ABANDONMENT AND RETURN OF GOODS. Where upon
the settlement of an account by the purchase of the debtor's prop-
erty, the balance of the purchase price is agreed upon, and the
property is actually transferred, the debtor can not claim that
the testimony conclusively shows a settlement, when it further
appears that, upon coming to close the sale, the parties could
not agree upon the parties to whom the balance due on the pur-
chase price should be paid, and the creditor thereupon abandoned
the settlement and returned the property to the person from
whom it was received.

SAME—SALE OF STOCK OF GOODS IN BULK—PAYMENT OF CREDIT-
ORS. Upon the settlement of an account by the sale to the credit-
or of the debtor's entire stock of goods and fixtures of a saloon
business, where the vendor was also indebted to others the pur-
chaser is justified in refusing to carry out the settlement unless
the balance due on the purchase price is applied to the payment
of the other debts, in accordance with the law relating to the sale
of stocks of goods in bulk.

COMPROMISE—SALE—ABANDONMENT—AGENT'S AUTHORITY TO AC-
CEPT RETURN OF GOODS. Where, immediately upon the abandon-
ment of a settlement whereby the creditor was to purchase the
debtor's goods, the creditor returns the goods to the debtor's
nephew, from whom they were received, and who was in charge
of the business at the time of the settlement, there is sufficient
evidence to support the finding of the jury that the nephew was
the debtor's agent for the purpose of accepting a return of the
goods.

VERDICT—AMOUNT OF ASSESSMENT FAVORABLE TO APPELLANT—
RIGHT TO ALLEGE ERROR. Where a verdict for the plaintiff is less
than the amount conceded to be due, if anything at all is due,
the error is not prejudicial to the defendant, and he can not
complain that it does not conform to the evidence.

[1]Reported in 74 Pac. 823.

Appeal from a judgment of the superior court for King county, Morris, J., entered February 3, 1903, upon the verdict of a jury rendered in favor of the plaintiff.    Affirmed.

*Sachs & Hale,* for appellant.

*Preston, Carr & Gilman,* for respondent.

FULLERTON, C. J.—This action was brought by the respondent, who was plaintiff below, against the appellant, to recover the sum of $1,435.70 alleged to be balances due upon two certain accounts—the first, for beer sold and delivered by the respondent to the appellant; and the second, for moneys advanced by it to his use.    The appellant denied the indebtedness alleged in the complaint, and, by way of a further and separate answer, alleged that, at times prior to the 12th day of June, 1902, he became indebted to the respondent in various sums, which on that day aggregated, in principal and interest, the sum of $3,008; and that they then had a settlement of their accounts, by the terms of which the respondent agreed to, and did, purchase of him certain personal property and property rights and interests, then owned by him, at the stipulated price of $4,000, and agreed, as a consideration therefor, to cancel the indebtedness above mentioned and pay him the difference, $992 in cash.    He further alleged that, pursuant to such agreement and sale, he delivered to the respondent the personal property, interests, and rights mentioned, and that the respondent has ever since retained the same, but has neglected, failed, and refused to pay him the difference agreed upon.    The answer was put in issue by appropriate denials, and, on the issues thus made, a trial was had, resulting in a verdict and judgment in favor of respondent for $448.

It is first contended that the evidence conclusively shows a settlement between the parties, as alleged in the answer

of the appellant, and consequently, the court erred in refusing to grant the appellant a new trial. But we think the appellant mistakes the effect of the evidence. While it is clear that the parties went so far as to agree between themselves upon the balances due from one to the other, and upon the amount that was to be paid as the purchase price of the property, and made an actual transfer of the same, yet it is equally clear that they failed to agree, when they came to close the transaction, as to whom the balance due on the purchase price should be paid, and that the attempted settlement was then abandoned, and the property theretofore transferred returned by the respondent to the person from whom it received it.

The appellant argues, also, that there was no sufficient cause for an abandonment on the part of the respondent, and that it never returned the property to him; but on both of these questions we think there was abundant evidence to sustain the verdict. The appellant was conducting a saloon, and the property agreed to be sold consisted of his entire stock of goods, fixtures, and business. It was shown that he was indebted in some fifteen hundred dollars, and the respondent conceived that the sale would be void unless the purchase price should be paid upon these debts, in accordance with the statutes relating to the sale of stocks of goods in bulk. It desired, therefore, to pay the balance on this indebtedness, while the appellant demanded that it be paid to him personally, and refused to sign a bill of sale until it was so paid. We think this clearly justifies the respondent in refusing to complete the transaction.

On the other contention, the evidence was that the property was returned to the nephew of the appellant, who had charge of the appellant's business immediately prior to the original transfer, and the person from whom the appellant received the property. While there was some question

raised as to his right to receive it on behalf of the appellant, still it was a question for the jury, and they decided, we think rightly, that he was the agent of the appellant. Whether, under the testimony, this court would have been warranted in disturbing the verdict had it been for the appellant, is not the question now before us. The question is, was there substantial evidence in support of the verdict? It seems to us, after a careful examination of the record, that not only was there substantial evidence supporting the respondent's case, but that the decided weight of the evidence was with the verdict. There was, therefore, no error on the part of the court in refusing to grant a new trial on the ground of insufficiency of the evidence.

The other contention of the appellant is that the trial court erred in refusing to set aside the verdict of the jury, because it did not conform to the evidence of either the respondent or the appellant as to the amount due upon the causes of action set forth in the complaint. The verdict was for a less sum than the appellant demanded in its complaint and its evidence supported, and for a less sum, also, than the appellant alleged the parties had agreed was due on these causes of action; but this was not an error of which the appellant can complain. This court has repeatedly held that error, to be available, must be prejudicial to the party complaining, and certainly a defendant cannot claim that he is injured because the jury returns a verdict against him for a less sum than the evidence of the plaintiff shows, or he admits, is due. This precise question was before this court in the case of *Jose v. Stetson,* 20 Wash. 648, 56 Pac. 397, where we held it not error to refuse to set aside a verdict returned for a less sum than the evidence warranted, on the complaint of the party benefited by the omission. In that case we said:

"On their second assignment of error the appellants contend there is no evidence in the record from which the jury were warranted in finding the respondents were damaged by the loss of the logs in the sum of $1,000. They argue that the only evidence on the question of value showed the logs to be worth at the place of delivery the amount stated in the complaint, and 'the verdict of the jury should have been for $1,925; while the verdict of the jury is for $1,000. The jury had no right to disregard the testimony and bring in a verdict against the appellants for $1,000.' The appellants have not called to our notice a case where this contention has been maintained; nor do we think the objection ought to be allowed to avail them. The error operated to the injury of the respondents, not the appellants; and, if respondents choose to waive it, we know no reason why they should not be permitted to do so. The rule is that error, to be available, must operate to the injury of the complaining party. *Brown v. Forest,* 1 Wash. T. 201; *Clancy v. Reis,* 5 Wash. 371 (31 Pac. 971); *McGowen v. West,* 7 Mo. 569 (38 Am. Dec. 468)."

See, also, from other jurisdictions, *Illinois Cent. R. Co. v. Abernathey,* 106 Tenn. 722, 64 S. W. 3; *Terrell Coal Co. v. Lacey* (Ala.), 31 South. 109; *Corbett v. Sayers,* 29 Tex. Civ. App. 68, 69 S. W. Rep. 108.

The appellant, however, cites and relies upon the case of *Tilden v. Gordon & Co.,* 25 Wash. 593, 66 Pac. 50, as being contrary to this principle. But an examination of that case will show that the verdict operated to the injury of the complaining party. Moreover, neither party accepted the verdict, and hence there was no waiver of the mistake or error made by the jury.

The judgment is affirmed.

ANDERS, MOUNT, HADLEY, and DUNBAR, JJ., concur.