[No. 6782.   Decided July 17, 190*l*.]

JOHN GRAHAM, *Appellant,* v. H. BELL-IRVING, *Respondent.*[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence in an action at law tried before the court without a jury will not be disturbed on appeal.

ESTOPPEL—PAYMENT ON ACCOUNT—CONTRACTS—BREACH—REMEDY. A payment on account, prior to the completion of a contract, does not estop the payor from repudiating the contract upon a complete breach thereof by the other party.

APPEAL—REVIEW—ERROR FAVORABLE TO APPEAL. Appellant cannot complain of error in refusing to allow the respondent a counterclaim, upon dismissing appellant's action on the merits.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 11, 1906, upon findings in favor of the defendant, after a trial before the court without a jury, dismissing on the merits an action on a contract of employment.   Affirmed.

*Jerold Landon Finch,* for appellant.

*Piles, Howe & Farrell,* for respondent.

HADLEY, C. J.—The plaintiff in this action brought the suit to recover for services as an architect.  He alleges a contract with the defendant of the following import:   That he was on July 11, 1904, employed to form, draw, and write the preliminary sketches, plans, and specifications for a certain building which the defendant proposed to erect in the city of Vancouver, British Columbia; that defendant promised to pay as compensation therefor a sum equal to two and one-half per cent of the amount of the lowest or accepted bid, as the case might be, of a contractor afterwards to bid for the contract to erect said building according to the plans and specifications so prepared; that acting under said contract of em-

[1]Reported in 91 Pac. 8.

ployment, the plaintiff prepared such sketches, plans, and specifications, and delivered them to the defendant at Vancouver on the 3d day of September, 1904; that defendant accepted them and instructed plaintiff to call for and receive from contractors bids to erect said building according to the plans and specifications; that acting in accordance with such instructions, the plaintiff called for bids and received from the contractor a bid for $32,800, which was the lowest bid; that on the 7th day of September, 1904, defendant paid to plaintiff $300 to apply upon the contract aforesaid; that the total amount of compensation under the contract is $820, no part of which has been paid except said $300. Judgment is demanded for $520.

The defendant answered with certain denials and admissions, and alleged affirmatively that he employed plaintiff to prepare plans and specifications for a building to cost $20,000, and with all extras to cost not to exceed $25,000; that the plaintiff accepted the employment, and assured defendant that he—plaintiff—could accurately estimate the cost of work in Vancouver, and that the building which defendant desired to erect could be erected according to the plans and specifications which were to be prepared by plaintiff for not to exceed $20,000, with an outside limit of $25,000, including all extras; that defendant employed plaintiff only upon the express understanding that the building could be erected for an amount within the above-mentioned sums according to the plans to be prepared, and that bids could be obtained for the erection at said figures. He further alleges that, after the delivery of certain plans and specifications and before the calling for bids, he paid plaintiff $300, but that in response to the call for bids the lowest bid was $35,000; that by reason of the fact that the lowest bid was $10,000 in excess of the highest sum which the plaintiff had assured defendant the building would cost, defendant was financially unable to erect the building, and the plans and specifications were wholly worthless to defendant, the return thereof being tendered in

court; that the plans and specifications have never been used by the defendant except to call for bids as aforesaid. The answer sets up a counterclaim for the return of the $300 paid. The reply denied much of the affirmative matter in the answer, and upon issues as before stated, the cause was tried by the court without a jury, and resulted in a judgment that plaintiff shall take nothing by the action, and that his complaint shall be dismissed. The plaintiff has appealed.

The findings of the court are substantially in accord with the allegations of respondent's answer. Aside from certain correspondence between the parties, the only evidence before the court was the testimony of appellant and respondent. Respondent's testimony fully supported his answer, and therefore negatived the contract alleged in the complaint. The burden was upon appellant to establish the contract which he alleged. The trial court found the preponderance of the evidence to be with respondent, and we shall not undertake to say from anything appearing in the record that the court erred in that particular. With the facts established as found by the court, it would be manifestly wrong for appellant to recover. The court found that appellant was obligated by the contract between the parties to prepare plans and specifications for a structure to cost not to exceed $20,000, and with all extras not to exceed $25,000; that the lowest bid under the plans prepared was $35,000, which was $10,000 in excess of the highest sum appellant had assured respondent the building would cost. Under such facts there was a plain failure to prepare plans that would come within the limitations of the construction cost fixed by respondent, a straight breach of the contract. Appellant is therefore not entitled to recover upon the contract, and he is no more entitled to recover upon a *quantum meruit*. Respondent has neither accepted nor received any benefits from appellant's work, and he offered to fully return the plans.

It is argued that the respondent's payment of $300 on account of the plans amounted to an acceptance. The payment

was made before it had been demonstrated by the bids that the plans would not meet the requirements of the contract in the matter of cost of construction. It was a payment made upon account, somewhat hastily perhaps, but under the circumstances it was not an act which bound respondent to an acceptance of the plans.

Appellant argues that to support consistency in the judgment he should either have had judgment for the contract amount he claims, or that the court should have given respondent judgment for the return of the $300 which he paid. The court refused this relief to respondent under his counterclaim. Even if it be true that respondent was entitled to recover the $300, still he has not appealed from the judgment and is not complaining. The judgment permits appellant to keep that money, which is in his favor. It is therefore not prejudicial to him in that respect and affords him no ground for complaint here. *Jose v. Stetson*, 20 Wash. 648, 56 Pac. 397; *Seattle Brewing etc. Co. v. Donofrio*, 34 Wash. 18, 74 Pac. 823.

Under the record, we think the judgment must be affirmed.

FULLERTON, CROW, ROOT, and MOUNT, JJ., concur.