[No. 8038.   Department One.   September 27, 1909.]

LINCOLN MEADOR, *Respondent*, v. NORTHWESTERN GAS & ELECTRIC COMPANY, *Appellant*.[1]

CONTRACTS—PERFORMANCE—EVIDENCE—SUFFICIENCY.   In an action to recover one thousand dollars due upon the performance of a contract to furnish certain amusement attractions for one month, a verdict for $525 is supported by the evidence, where it appears that plaintiff performed the contract in so far as not excused or prevented from performing by the defendant.

APPEAL—REVIEW—VERDICT.   A verdict will not be set aside when supported by substantial evidence, even if contrary to the opinion of the court.

APPEAL—ERROR FAVORABLE TO APPELLANT—TRIAL—VERDICT.   A verdict for a less sum than was due for complete performance of a contract, is not a conclusive finding of nonperformance in its entirety; and is not error prejudicial to the defendant.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered December 11, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Rader & Barker*, for appellant.

*Cain & Hurspool*, for respondent.

FULLERTON, J.—The appellant, the owner and operator of an interurban electric railway, and the respondent, who owned an amusement park on the line of the railway, entered into the following written agreement and supplemental agreement:

"This contract entered into in duplicate this third day of June, 1908, by and between the Northwestern Gas & Electric Company, a Washington corporation, doing business in Washington and Oregon, party of the first part, and L. Meador, of Walla Walla, Washington, party of the second part.

"Whereas the party of the first part is operating a street railway system between Walla Walla, Washington, and Mil-

[1] Reported in 103 Pac. 1107.

ton, Oregon, and will be benefited by having an amusement park at the Walla Walla river, where the line crosses the same;

"The party of the second part is equipping and furnishing a park known as Meador Park near where the railway line of the party of the first part crosses the Walla Walla river and is desirous of securing music for the park amusement for the months of June, July and August, 1908.

"Now be it agreed as follows: that the party of the first part will pay to the party of the second part the sum of One Thousand ($1,000) dollars for each of the months of June, July and August, payment to be made on or before the 10th of each month for the amount earned during the preceding month, and the party of the second part agrees to keep the place well lighted and furnished for the months of June, July and August, the Walla Walla Band, the same to consist of not less than twenty pieces, $5 for leader and $2.50 each man for concerts for at least two concerts on separate days each week; further to furnish Frederick Runkles Colonial Orchestra of not less than eight pieces; or some other band of an equal number of pieces to be approved by the first party, for the months of June, July and August; said band to furnish music for one concert or dance daily and two on Sunday. First party to stop all cars going each way at station, now in use near said park.

"The said party of the second part shall keep all the amusements now installed in Meador Park or which may hereafter be installed therein, including the chutes and dance pavilion, going during the life of this contract;

"It is further agreed that the party of the first part shall furnish the party or parties of the second part lights on the following basis—fifty (50c) cents per sixteen candle power lamp used for each month and power at Five ($5) dollars per horse power for each horse power used for each month. This clause referring to payment for lights to apply only to the month of June. It being understood that a further agreement regarding the lighting is to be made for the balance of the season;

"The failure of the party of the second part to keep and perform the provisions herein set forth by said party, will cancel this agreement and all obligations on the party of the first part shall cease and this agreement become void.

"This agreement shall be binding upon the parties hereto,

their heirs or assigns, and shall be in lieu of all former contracts between the parties hereto."

## "SUPPLEMENTAL CONTRACT.

"It is hereby mutually agreed between the parties hereto that inasmuch as it will be impracticable to commence operating the Park mentioned in the foregoing contract and secure the music therein provided for before the seventh of June, 1908. Therefore this contract shall be deemed to begin to run from the seventh day of June, 1908, and to extend to and include the seventh day of September, 1908, during all of which time the parties to this contract shall comply with the several details thereof."

The sums stipulated in the contract to be paid by the appellant to the respondent were paid for the months of June and July, but payment for the month of August, due on September 10, 1908, was refused. This action was thereupon begun to recover the same. In his complaint, the respondent alleged the execution of the contract, its due performance on his part, and the refusal of the appellant to make the last payment provided for therein. For answer the appellant denied due performance of the contract on the part of the respondent, and by way of an affirmative answer, alleged in what particulars the contract had not been performed; averring that certain of the amusements referred to in the contract were not kept therein or kept in operation during the life of the contract; that the respondent failed to furnish a band for giving concerts at the park after August 27, 1908; further alleging that the park was not kept well lighted during the term of the contract. The reply put in issue the allegation of the affirmative answer as to certain of the amusements enumerated, and sought to excuse nonperformance as to certain others by averring that performance had either been prevented or excused by the appellant.

On the issues thus presented a trial was had before a jury, which resulted in a verdict and judgment in favor of the respondent for the sum of $525. Evidence was introduced at the trial by each of the parties tending to support the allega-

tions of their respective pleadings. At the conclusion of the evidence, the court instructed the jury to the effect that the contract was a contract of entirety, and that unless the respondent had shown a substantial performance of the contract on his part, or a waiver of performance by the appellant, he could not recover.

The errors assigned for reversal can be reduced to one principal question, namely, the sufficiency of the evidence to justify the verdict. In support of this assignment, the appellant quotes from the record evidence tending to show a failure to perform the contract in its entirety on the part of the respondent, and contends that the jury have so found, since they returned a verdict for a sum much less than the sum to which the respondent would have been entitled had he fully performed his contract.

But we do not think the assignment is well founded. A perusal of the record convinces us that there was some substantial evidence tending to show that the respondent performed his part of the contract, in so far as he was not excused or prevented from performing by the appellant. This is sufficient to sustain the judgment in this court. The weight and sufficiency of evidence is for the consideration of the jury, and their verdict must be sustained in the appellate court when supported by substantial evidence, even though the court should be of the opinion that the weight of the evidence is against the verdict.

Nor is the fact that the jury returned a verdict for less than the stipulated sum provided in the contract for complete performance conclusive that the jury found that the contract was not performed in its entirety. Such a verdict may be erroneous, but in this jurisdiction, unless objected to at the time it is rendered, it must be set aside on the complaint of the party injured thereby; and a litigant is not injured by a verdict returned against him for a sum less than the jury might properly have returned. *Jose v. Stetson*, 20 Wash. 648, 56 Pac. 397; *Seattle Brewing & Malting Co. v. Dono-*

*frio,* 34 Wash. 18, 74 Pac. 823; *Graham v. Bell-Irving,* 46 Wash. 607, 91 Pac. 8.

There is no reversible error in the record, and the judgment will stand affirmed.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.