[No. 13234.   Department Two.   March 11. 1916.]

## H. P. KENNEDY, *Respondent*, v. MEILICKE CALCULATOR COMPANY, *Appellant*.[1]

APPEAL—NOTICE—TIME OF TAKING.  A separate cross-appeal may be taken within the same time, 90 days, as is given for taking the first appeal, by Rem. & Bal. Code, §§ 1718, 1719, 1721.

DAMAGES—BREACH OF CONTRACT—DUTY TO MITIGATE. In an agent's action for damages for breach of contract for an exclusive selling agency, loss of services for eight months on account of the defective nature of the machines is properly reduced one-half, where plaintiff was as well aware of the extent of the breach at the end of three or four months as at the end of eight months.

PRINCIPAL AND AGENT—SALES ON COMMISSION—BREACH OF CONTRACT. The defective nature of machines to be sold under an exclusive selling agency contract is a breach of the contract entitling the agent to damages.

APPEAL—REVIEW—FINDINGS.   Findings on conflicting evidence will not be disturbed where supported by disinterested evidence as against opposing interested testimony.

SAME—SALES ON COMMISSION—BREACH OF CONTRACT—MEASURE OF DAMAGES. On breach of contract for an exclusive selling agency, by reason of the defective nature of the machines, the agent is entitled to recover traveling expenses paid out in attempting to sell the defective machines; but not the expenses of a voluntary trip taken for the purpose of securing the contract.

Cross-appeals from a judgment of the superior court for King county, Dykeman, J., entered April 15, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Modified on defendant's appeal.

*Tucker & Hyland*, for appellant.

*Trefethen, Grinstead & Laube*, for respondent.

HOLCOMB, J.—Plaintiff took a cross-appeal herein from the final judgment within ninety days after the entry thereof, being the same final judgment from which defendant appealed.   There is a motion by appellant to dismiss the cross-

[1]Reported in 155 Pac. 1043.

appeal of plaintiff as not taken in time or within fifteen days after final judgment. There is no merit in the motion and it is denied. Plaintiff, taking a separate cross-appeal, has the same time given him by law as has any appellant. Rem. & Bal. Code, §§ 1718, 1719, 1721 (P. C. 81 §§ 1187, 1189, 1193).

The principal questions involved on appeal are of fact, and were resolved by the trial court on the evidence chiefly in favor of plaintiff. The plaintiff sued for damages aggregating $2,663.44, for the alleged breach of a contract. The contract sued on was one establishing an exclusive agency in Washington and Alaska for the sale of a patented machine called Meilicke Calculator, an interest and discount computer. The breaches alleged were, (1) that the calculators furnished by defendant were all defective, both as to materials and in mathematical computation; and (2) that other persons were permitted to bring similar calculators into plaintiff's territory and offer the same for sale. The items of damage alleged by plaintiff were as follows:

For cash paid appellant for calculators . . . . . . . . . .    $828.50
For traveling expenses . . . . . . . . . . . . . . . . . . . . . . .     192.05
For office expenses . . . . . . . . . . . . . . . . . . . . . . . . .     321.80
Cash for expressage . . . . . . . . . . . . . . . . . . . . . . . .     111.74
Advertising . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        9.35
Services of respondent for 8 months at $150 per
    month . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,200.00

The court found for the plaintiff on every item as pleaded, both as to the breaches by the defendant and as to damages sustained by plaintiff, and credited defendant with certain sums for calculators sold and concerning which there is no dispute, a total of $1,027.88. His conclusion of law, however, did not apparently follow his findings, for instead of allowing plaintiff the sum of $1,635.56, he concluded that plaintiff was entitled only to the sum of $1,035.56, or $600 less than the total amount claimed by plaintiff. It is from this that plaintiff appeals.

Plaintiff contends that, where a jury is waived in an action at law and the case is tried by the court, the findings of the court are equivalent to a verdict and will not be interfered with when there is evidence upon which to base the findings (*Second Nat. Bank of Colfax v. Hatch*, 24 Wash. 421, 64 Pac. 727; *Graham v. Bell-Irving*, 46 Wash. 607, 91 Pac. 8; *Judson v. Tide Water Lumber Co.*, 51 Wash. 164, 98 Pac. 377), and that the findings control the conclusion (*Gerhard v. Worrell*, 20 Wash. 492, 55 Pac. 625).

We have not the benefit of the trial court's reasons for concluding that the plaintiff was not entitled to all the sums which he apparently found in favor of plaintiff. We assume, however, that, since the plaintiff had been engaged in selling what he contended to be a very defective and unsalable article for eight months, he should not be permitted to allow the damages to accumulate to such an extent, but should have been able to determine his rights in a much less time, or not to exceed one-half the time for which he claimed, and with this view we are inclined to concur with the lower court and to hold that his conclusion was justified, but not his finding. A careful consideration of the facts convinces us that no greater sum is allowable, and his finding of fact is corrected to that sum. This was not a contract for hire under which plaintiff was engaged, but was a selling agency to sell a certain thing in exclusive territory. Plaintiff was as well aware of the extent of defendant's failure to comply with its contract at the end of three or four months as he was at the end of eight months, and we think the trial court was sufficiently liberal in his allowance.

As to all the questions raised by defendant, there is evidence sufficient to justify the finding of the court that the calculators furnished appellant were all defective, both as to materials and in mathematical computation. This failure on the part of defendant alone would be sufficient to justify a rescission of the contract. The evidence on behalf of defendant was all by the principal officers and employees of

the company and of the nature of interested testimony; while that on behalf of plaintiff was, to some extent at least, of disinterested testimony. Under such circumstances, we do not feel at liberty to disturb the findings of the trial court.

If the contract was breached by defendant, plaintiff was entitled to recover all moneys he had necessarily paid out under and in faith of the contract. There is very little, if any, conflict in the testimony as to the amounts paid out by plaintiff in attempting to sell the calculators, but there is one item included in the item of traveling expenses which should not have been allowed. Plaintiff testified that $76 of that item was for his expenses from Seattle to Chicago and return, which trip he made without any direct inducement from the defendant for the purpose of securing the contract. This item of expense was obviously not made under and in faith of the contract, but was entirely voluntary. The rest of the item of traveling expenses was testified to be for traveling in the state of Washington attempting to sell the defective machines.

The judgment will be modified to eliminate $76 therefrom, and as so modified will be affirmed. Appellant, having obtained a substantial reduction of the judgment in this court, will be entitled to its costs on appeal.

PARKER, BAUSMAN, and MAIN, JJ., concur.