[No. 13822.   Department One.   April 13, 1917.]

FERDINAND HAEFELE, *Respondent*, v. GEORGE BRACKETT,
*Appellant*.[1]

MASTER AND SERVANT—WAGES—ACTIONS—EVIDENCE — ADMISSIBIL-
ITY. In an action on express contract for the balance due for work
and labor, in which the contract was admitted but the amount to be
paid was disputed, evidence of the reasonable value of the services
is admissible as circumstantial evidence as to which contention of
the parties was correct.

ESTOPPEL—PLEADING—PROOF. Under a plea of payment in full,
the acceptance of partial payments without protest will not be de-
clared to work an estoppel, as a matter of law, where the facts are
disputed, no estoppel having been pleaded.

MASTER AND SERVANT — WAGES — PAYMENT — EVIDENCE — SUFFI-
CIENCY. Upon an issue as to whether defendant had paid plaintiff in
full for work and labor, evidence that the defendant had stated what
the wages were and that he was holding back part of them, makes
the issue a question for the jury, especially where the plaintiff, a
Swiss farm hand, was somewhat given to going on periodical sprees.

TRIAL—VERDICT—MISCONDUCT OF JURY. A verdict for less than
the amount claimed by plaintiff cannot be objected to by defendant,
where the answer made issues which permitted the jury to reject
part of the plaintiff's claims.

Appeal from a judgment of the superior court for Sno-
homish county, Alston, J., entered June 10, 1916, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion on contract, tried to the court. Affirmed.

*S. A. Bostwick* and *W. H. Mason*, for appellant.

*George W. Louttit*, for respondent.

CHADWICK, J.—Plaintiff was employed by defendant to
work a small farm near Edmonds. He alleges that defend-
ant agreed to pay him forty dollars a month and board.
Defendant denies that he agreed to pay forty dollars except
for a limited time. He alleges that he has paid plaintiff all
that is due; that payments were made from time to time and

[1]Reported in 164 Pac. 244.

accepted without protest, which is, in itself, sufficient evidence to sustain defendant's version of the contract.

| | |
|---|---:|
| Plaintiff claims wages for 54 months at forty dollars, or | $2,160 |
| Board at $3.00 per week | 702 |
| | $2,862 |
| Less wages paid | 1,057 |
| | $1,805 |

The jury returned a verdict for $950 and defendant has appealed. The first error assigned is that the court permitted certain witnesses to testify as to the reasonable value of the services rendered by respondent. It is contended that, inasmuch as respondent relies upon an express contract to work for a certain sum, testimony of the reasonable value of his services was highly prejudicial to appellant. Such testimony is received under a well understood exception to the rule that a person may not bring an action upon an express contract and recover upon a *quantum meruit*. It applies where the contract is admitted but the amount to be paid for goods, work or services is disputed. It is received "not for the purpose of establishing a contract, but for the purpose of furnishing circumstantial evidence as to which contention of the parties is correct." *Pettet v. Johnston*, 83 Wash. 663, 145 Pac. 985.

It is next contended that the court should have directed a verdict because the testimony shows that plaintiff received and accepted, without protest, such sums as were paid by appellant and without making further demand prior to the time of bringing this action. Appellant discusses this assignment as within the rule of estoppel. No estoppel is pleaded, and it may well be questioned whether, upon a plea of payment in full, such a defense is competent. Estoppel will not be declared as a matter of law upon disputed facts. 16 Cyc. 813.

Several witnesses testify to facts which, being believed by the jury are enough to sustain the contention of the respondent. Certain witnesses testify that appellant said to them, during the time the payments were being made, that he was paying respondent forty dollars a month. To one of them he said he was laying a part of respondent's wages by for him, and to another that he was holding back a part of his wages. This testimony cannot be rejected when it is considered that respondent is a Swiss farm hand, of moderate needs, and although industrious, somewhat given to going on periodical sprees. It is for the jury to say whether such payments as were made were payments in full.

Other exceptions go to instructions given and refused. Without discussing them in detail we find that the issues were fairly covered by the trial judge and that appellant was not prejudiced by his refusal to give the instructions requested.

It is finally contended that $950, the verdict returned, is an impossible sum under the issues. Counsel cites: *Frost v. Ainslie Lumber Co.*, 3 Wash. 241, 28 Pac. 354, 915; *Tilden v. Gordon & Co.*, 25 Wash. 593, 66 Pac. 50; *Gage v. Gage*, 78 Wash. 262, 138 Pac. 886; 38 Cyc. 1846.

But we do not understand that a verdict will be set aside as within the rule of mistake or compromise or that it is impossible under the theory of either party, unless it shows upon its face that the jury has given way to passion or prejudice or has acted in willful disregard of its duty to consider the testimony, and a true verdict render.

In the case at bar, it was well within the province—the duty, as we believe—of the jury to reject the claim for board, and in addition thereto make due allowance for certain time which was lost by respondent. The answer, as well as the testimony offered by appellant, tendered these issues and the jury was privileged to consider or reject them in whole or in part without tainting the verdict with the vice complained of.

"There was no ground for saying that the verdict was a compromise verdict other than the fact that the plaintiff was allowed less than he sought and more than the defendant claimed he should receive." *Hart v. Denise*, 75 N. J. L. 82. 66 Atl. 1085.

Affirmed.

Ellis, C. J., Main, and Webster, JJ., concur.