[No. 15723.  Department Two.  July 8, 1920.]

SAMUEL KNECHT, *Respondent,* v. WALTER SIMS, *Appellant.*[1]

ANIMALS (18)—DAMAGE TO CROPS—EVIDENCE—SUFFICIENCY. A verdict for $75 for damages to a wheat crop by trespassing hogs is not unsupported, where there was conflicting evidence as to whether the crop was of any value for harvesting, and there was a counterclaim for hogs taken up and converted.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered April 30, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*G. E. Lovell,* for appellant.

TOLMAN, J.—This action was commenced by respondent, as plaintiff below, to recover from appellant, as defendant, for damages caused to his crop of wheat by stock belonging to appellant. The complaint alleges that the respondent was the owner of a crop of wheat grown on a certain 160 acres of land; that appellant was the owner of about 100 head of swine, which he wrongfully permitted to run at large, and that these animals ate and destroyed plaintiff's entire 160-acre crop, to his damage in the sum of $1,500. The answer admits that a small number of appellant's

[1]Reported in 191 Pac. 399.

swine ran upon and destroyed respondent's grain, and pleads affirmatively that the loss of the wheat crop was settled and fully paid for by the payment of the sum of $20, which was accepted as such settlement by the respondent, and a counterclaim is pleaded to the effect that respondent took up and converted to his own use eight head of appellant's hogs of the value of $30 each, or a total of $240. The reply admits the payment of $20, but pleads that it was paid in settlement of the damages done to the same crop on another occasion by appellant's horses, and that it had no relation whatever to the damage caused by the hogs.

The case was tried to a jury, which rendered its verdict in favor of respondent for $75, and from a judgment on the verdict, this appeal was taken.

The only error assigned is that the trial court erred in refusing to grant a new trial on the ground that the verdict was contrary to the evidence.

Respondent has favored us with no brief, but we have read the entire record and find evidence which would sustain a larger verdict. Indeed, appellant's whole argument here is that respondent's evidence, if believed by the jury, would have warranted a larger verdict; while appellant's evidence was to the effect that the crop was of no value whatever, and no verdict could have been rendered against him had the jury believed it. Hence his conclusion that there was no evidence to support the verdict that was rendered.

In speaking of a like contention in a case where it was argued that the verdict was in an impossible sum under the issues there presented, Mr. Justice Chadwick, speaking for this court, said:

"But we do not understand that a verdict will be set aside as within the rule of mistake or compromise or that it is impossible under the theory of either

party, unless it shows upon its face that the jury has given way to passion or prejudice, or has acted in willful disregard of its duty to consider the testimony, and a true verdict render." *Haefele v. Brackett,* 95 Wash. 625, 164 Pac. 244.

So here, there is nothing to indicate that the jury willfully disregarded its duty in any respect. The evidence of respondent and his witnesses as modified by cross-examination, and interpreted in the light of the condition of the crop as shown by all of the evidence, presented a case peculiarly for the jury, and whatever the verdict, we should be disinclined to disturb it. But with the counterclaim a factor, as it was under the evidence, and our inability to say whether the jury allowed anything thereon, or, if so, how much; the $20 admittedly paid, to be considered if found not to have been paid in settlement of the damage caused by the hogs; the uncertainty as to the amount harvested by the respondent; the wide range of testimony as to the probable yield, running from nothing to some seven bushels per acre; and the testimony drawn from one of appellant's witnesses that the crop, while worthless for harvesting, was worth $200 for pasturage; it is clearly evident that the verdict as rendered might be the only verdict which the jury could render from the evidence as believed by it. In any event, we cannot say that appellant has any cause for complaint.

The judgment appealed from is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.