[No. 16234. Department One. June 28, 1921.]

JOHN R. NEVINS, *Respondent*, v. LEE A. SCACE *et al.*, *Appellants*.[1]

DAMAGES (3, 106)—CERTAINTY AS TO AMOUNT—EVIDENCE—ADMISSIBILITY. Upon an issue as to damages through an architect's breach of contract in the preparation of plans and specifications for a hospital building, which could not be constructed within the estimate, an item of damages in the sum of $1,000 for costs of excavating the basement for the building, prior to discovery of inability to bring the expense of construction within the estimate, was properly withdrawn from the jury, where the excavation also included a cesspool and a long drain leading thereto, which were not included in the plans, and the defendants were unable to segregate the cost of the cesspool and drain items from the excavation.

NEW TRIAL (19)—VERDICT CONTRARY TO EVIDENCE—POWER OF COURT. The inability of the court to follow the minds of the jury in arriving at a verdict upon conflicting claims of the parties is not a ground for the granting of a new trial.

[1]Reported in 199 Pac. 305.

Appeal from a judgment of the superior court for Lewis county, Hewen, J., entered August 6, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover for services rendered. Affirmed.

*C. D. Cunningham,* for appellants.

*Aust & Terhune* and *Forney & Ponder,* for respondent.

BRIDGES, J.—The plaintiff sought to recover of defendants $1,739.86, less certain payments, for drawing plans and specifications for a hospital which defendants contemplated building on Seminary Hill, in Centralia, Washington, and also, $1,260 for like services for a hospital to be constructed in the down-town district of the same city. He claims to have performed these services at the request of the defendants, for which he was to be paid for each set of plans an amount equal to 3% of the cost of construction of the building, and that the cost of constructing under the first plans would have been $57,900, and under the second plans, $42,000. He admits the payment by defendants to him of $950, which he applied on account of the first plans, thus leaving due him $789.86 for them, and $1,260 for the second plans.

Defendants admitted that both sets of plans had been drawn by the plaintiff for them, and that they had agreed to pay him for his services an amount equal to 3% of the construction cost, but they claim that the plaintiff guaranteed that the hospital to be erected under the first plans would not cost in excess of $40,000, and that the lowest bid for constructing under them was an amount in excess of $57,000, and that because of such excessive cost they were unable to, and did not use the first plans, and ought not to be required to pay for them. They admit, however, that they con-

structed the down-town hospital under the second plans drawn by the plaintiff, and that they thereby became indebted to him in the sum of $1,260, of which amount they claim to have paid $1,050, leaving a balance of $210; but they claimed damages against the plaintiff in the sum of $1,000, such damages growing out of the inability to construct the hospital under the first plans for the price guaranteed by the plaintiff. They assert that after those plans were drawn and before they knew that the building could not be constructed within the amount guaranteed by the plaintiff, they spent $1,000 in digging a basement or cellar for the hospital, as provided by the first plans and that such $1,000 was a complete loss to them because of plaintiff's fault. This $1,000 item was, during the trial, by the court taken from the jury for reasons which we will more fully explain hereafter. The case was tried to a jury, which brought in a verdict in favor of the plaintiff for $860. The defendant's motion for new trial having been denied, judgment was entered on the verdict, and the defendants have appealed therefrom.

It is first contended that the court erred in taking from the jury the consideration of the item of $1,000 damages on account of the excavation made under the first, or Seminary Hill, plans. The testimony showed that these plans provided for an excavation under the kitchen and part of the dining room of the hospital. The appellants not only made this excavation but also excavated for a large cesspool, and a long drain leading thereto, which latter were not covered by the plans. The testimony showed that the appellants had paid $1,300 for all of this excavation, but no evidence was introduced showing the cost of the excavation provided for by the plans and specifications. The appellants introduced but one witness on this feature of the case, and he was wholly unable to segregate the cost of the

excavation for the building from the cost of the excavation for the drain and cesspool. On this account the trial court held that the question of damages for excavating could not be submitted to the jury. We have no doubt of the correctness of the court's ruling in this regard. In no event could appellants recover for the cost of excavating for the cesspool and drain; they could recover only for the excavations for the building. The witness was able to tell the cost of all the excavations but did not and could not make any segregation. Consequently, there was a complete absence of testimony as to the cost of excavations for the building. It is true that, after the court made its ruling, the appellants made a specific offer to show by the witness then on the stand a segregation of the costs in the items of excavation, but such offer was useless because the witness had time and again stated that he could not make such segregation.

It is next claimed that the appellant was entitled to a new trial because the verdict was inconsistent with any theory of the case as presented to the jury, either by the testimony or the instructions of the court. Their argument is that if the jury found for the respondent only on account of the second plans, liability for which was admitted, then the verdict could only have been for $210; but if the jury found for respondent on account of both the first and second plans, then the verdict must have been for an amount twice as large as that returned by the jury. While it is difficult for us to tell how the jury arrived at the amount of its verdict, it is perfectly plain that they allowed recovery, at least in part, on both sets of plans. But courts cannot grant new trials simply because they are unable to follow the minds of the jury in arriving at its verdict. In the case of *Haefele v. Brackett*, 95 Wash. 625, 164 Pac. 244, we said:

"But we do not understand that a verdict will be set aside as within the rule of mistake or compromise or that it is impossible under the theory of either party, unless it shows upon its face that the jury has given way to passion or prejudice or has acted in willful disregard of its duty to consider the testimony, and a true verdict rendered."

There is nothing on the face of this verdict which shows that the jury refused to follow the evidence. The most that can be said is that if the jury meant to find for the respondent for both plans drawn by him, then their verdict could have been for a larger sum. But, in this respect only, the respondent could complain. Appellants will not be heard to complain because the verdict against them was not large enough. A careful reading of the record convinces us that the judgment should be affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.