## S. H. MILLER v. NOEL ROBERTS.

A contract between A and B, to the effect that if A would move B and his wife from the county of McMinn in the State of Tennessee, where they then resided, to the State of Texas, and into Peters' Colony, B would give A one-half of all the land B should acquire by virtue of his emigration to said State and settlement in said Colony, was not a contract for the sale of land, and it was not necessary therefore, under our statute of frauds, that said contract or promise or any memorandum thereof should be in writing.

Nor was the contract contrary to public policy. A contract, not in itself immoral, nor in contravention of any law, by which the State acquires a citizen, cannot be contrary to its policy.

It would seem, that where one side of a contract is to be performed within a year, and is so performed, it is no objection to the enforcement of the contract, under the statute of frauds, that it is not in writing, although the other side of the contract may be in its nature incapable of performance within a year.

Appeal from Dallas. Tried below before the Hon. Nat. M. Burford.

The petition in this case was filed December 22d, 1855, and was as follows :

Your petitioner, Stephen H. Miller, who resides in the county of Grayson and State of Texas, respectfully represents, that heretofore, to-wit, in the month of March or April, 1848, he was residing in the county of McMinn and State of Tennessee ; that he then and there entered into a contract with Joel Roberts, who resides in the county of Dallas and State of Texas, whereby said Roberts undertook and agreed with your petitioner, that if he (your petitioner) would move the said Roberts and his wife from the said county of McMinn and State of Tennessee, where they then resided, to the State of Texas, into "Peters' Colony," that he, said Roberts, would give your petitioner one-half of all the land he should acquire

by virtue of his immigration to said State, and settlement in said Colony, and that he, said Roberts, would make a deed to your petitioner for one-half of said land so soon as he should obtain a patent therefor. That your petitioner thereupon furnished horses and carriage, and removed said Roberts and his wife from their said residence in the said State of Tennessee to said State of Texas, and within the boundaries of said "Peters' Colony ;" that, in so doing, your petitioner expended in money, time, the wear and tear of his team and carriage, one hundred and fifty dollars ; and your petitioner would further represent that the said Roberts, by virtue of his immigration to Texas and settlement in said Colony, obtained, as a headright, six hundred and forty acres of land, situated in the said county of Dallas and State of Texas on Prairie Creek, beginning, &c.— [Here followed a description of the land.]

And your petitioner would further represent that the said Roberts has obtained from the State of Texas, a patent for said six hundred and forty acres of land, situated and described as above ; but now, though requested by your petitioner, said Roberts refuses to make a title to your petitioner for the said one-half of the six hundred and forty acres of land, situated and described as aforesaid, to the damage of your petitioner one thousand dollars.

The petition concluded with a prayer for one-half the land, &c.

The defendant filed a general demurrer, and assigned for special causes, that the petition did not aver whether the said contract was in writing or verbal, and did not show the time of the issuance of the patent.

Amendment by plaintiff alleging that the contract was verbal, and that the patent issued in 1855.

The Court sustained the demurrer and dismissed the suit, &c.

*J. M. Crockett,* for appellant.

*J. J. Good,* for appellee. 1st. The contract was for a thing or right not in *esse* at the time thereof.

2d. It was void under the statute of frauds. (Hart. Dig. Art. 1451.)

The principle is too well established, for controversy, that "terms of art or technical terms," in a statute, "are to be taken according to the acceptation of the learned in each art, trade or science." (1 Bla. Com. side p. 59.) The words contract and sale are common law technicalities, and to ascertain the prohibition intended by the Legislature, we must look to that law for their definition. " Contract is an agreement, upon "sufficient consideration, to do or not to do some particular "thing." (2 Bla. Com. side p. 442.) " Sale is a transmuta-"tion of property from one person to another, in consideration "of some price or recompense in value." (Id. 446.)

From these it is clear that the Legislature intended to pro-hibit all actions " whereby to charge any person on any agree-"ment upon sufficient consideration for the transmutation of "land to another, unless the promise or agreement upon which "such action shall be brought, or some memorandum thereof, "shall be in writing," &c., &c.

3d. The statute prohibits actions "whereby to charge any "person upon any agreement which is not to be performed "within the space of one year from the making thereof, unless "it or some memorandum thereof is in writing," &c., &c.

If the contract depended on a contingency that might or might not happen within the space of one year, it would not come within the operation of the statute, for the want of a writing. (2 Stark. Ev. 2d American from 3d London edition, side p. 482, and authorities there referred to.) But such was not the case. It depended upon a contingency that could by no possibility happen within the year. Appellee had first to acquire the land before he could dispose of it or any part, and this he could not do under three years from the time of settlement. (Hart. Dig. Art. 2103, and colony contracts.) Hence we may

Miller v. Roberts.

safely conclude that the contract sought to be enforced " was not to be performed within the space of one year from the making thereof, and is therefore void.

WHEELER, J. The contract, set out in the petition, was not a contract for the sale of lands. There was no land, in particular, which was the subject of the contract. It was a contract for the acquisition of land in which, at the time, there was not any individual proprietorship. It was analagous to the case of one man furnishing another with funds to purchase land for him, or them jointly. Such a contract creates a trust, which is not within the statue of frauds. It was no more a contract for the sale of lands, than an agreement to locate land certificates and procure patents for a part of the land, when obtained; which is not within the statute of frauds. (Watkins v. Gilherson, 10 Tex. R. 340.) Nor was the contract contrary to public policy. A contract, not in itself immoral, nor in contravention of any law, by which the State acquires a citizen, can not be contrary to its policy.

We are of opinion that the petition discloses a valid and binding contract, upon which the plaintiff is entitled to maintain his action : and that the Court therefore erred in sustaining the demurrer to the petition ; for which the judgment must be reversed and the cause remanded for further proceedings.

Reversed and remanded.