Opinion by
Willson, J.
§ 746. Pleading; certainty of allegations in petition; case stated. Service brought this suit against Murphy *656 to recover $287 damages for breach of contract; and obtained judgment for the full amount claimed. His petition alleged that he and Murphy entered into a contract by which it was agreed that the latter should lease to the former a certain lot of land described in the petition as being a portion of what is known as the Daniel Mui'phy homestead survey in Port Davis, Presidio county, Texas, for the purpose of carrying on the jewelry business. Service was to pay $5 per month rental in advance, the lease to run for one year, with the privilege of renewal for five years, etc. That relying upon said contract Service moved his jewelry business from Wichita Palls, paid the passage of one Kimmis, a workman in his employ in said business. Also, paid said Kimmis $150 for his services after removal to Port Davis; that Murphy refused to perform his contract — refused to give him possession of the rented premises; that he could not procure another suitable place to carry on his business in Port Davis; that he was compelled to ship his goods, etc., to Brackett; that his employee Kimmis was idle for more than one month in consequence of said breach of contract, and that he was compelled to pay said Kimmis for said time, amounting to said sum of $150. He claimed this sum as damages, claimed as damages money paid out for Kimmis’s fare on railroad, and for freight charges paid on goods, etc. Murphy excepted specially to the petition, and answered by general denial, and specially that the contract was not in writing, and was within the statute of frauds. Held; With regard to the special exceptions to the petition, that it is not sufficiently certain in its allegations, they were properly overruled. The land is sufficiently described to identify it for all the purposes of this suit, and the damages claimed are alleged with sufficient directness and clearness. It should have been alleged that the amount paid Kimmis for services was reasonable, but this omission was not specially excepted to. [Sayles & Bassett’s Pl. & Pr. § 39; rule 18, *7 Tex. 620.]
*657 § 74-7. Statute of frauds; lease of land for one year, with privilege of renewal for five, not within. Was the ■contract of lease as alleged within the statute of frauds? It was a parol contract for the lease of land for one year, with the privilege reserved by the lessee of continuing the lease five years, should he so desire. Our statute of frauds prohibits an action upon a parol contract for the lease of land, where the duration of the term is for a longer period than one year. [R. S. art. 2464]. The commencement of the term, however, may be in futuro, without affecting the validity of the contract. [W. & W. Con. Rep. § 957.] It is settled law in this state, that an agreement which may or may not be performed within one year does not come within the statute of frauds; and that it must appear from the contract itself that it is not to be performed within one year, in order to bring it within the statute of frauds. [Thouvenin v. Lea, 26 Tex. 612; Miller v. Roberts, 18 Tex. 16; Thomas v. Hammond, 47 Tex. 43.] In this case, the contract might, or it might not, have been wholly performed within one year, .and it is not, therefore, within the statute of frauds. [Browne on Stat. Frauds, § 35; Roberts on Frauds, 242, note (d); 4 Wait’s Act. & Def. 237.]
§ 748. Damages; measure of, on breach of lease contract by lessor. In a case like this, the general rule for the measure of damages, as established by the weight of authority, is the difference between the rent agreed to be paid, and the actual value of the premises at the time of the breach, for the unexpired term. This is considered the natural and proximate damage, and the general damages ordinarily recoverable. In addition to such general damages, there may, however, be circumstances which, when alleged and proved, will entitle the lessor to special damages. Thus, “if the lessor in good faith, and relying on the contract, has made preparations to take possession, and these have been rendered useless by the defendant’s refusal to comply with his contract, the authorities hold that there may be a recovery for the loss *658 thus sustained. So, where a party agrees to demise certain premises to another, who breaks up his establishment and proceeds with his family and furniture to the place where the premises are situate, and the landlord refuses to give possession, the tenant is entitled to recover the damages sustained by such removal of his family and furniture.” [3 Sutherland on Dam. pp. 149, 150, 151.] Under the rules above stated, the damages to which Service might be entitled are, 1. The difference between the rent he agreed to pay and the value of the-premises during the five years’ time he had the right-to-hold the premises under the contract, for the purpose for which he leased the same. 2. The damage sustained by the removal of himself, family and goods, with the purpose of occupying the rented premises. But, as to the first item, there is no allegation in the petition in regard thereto, and in the present state of the pleading that item could not be proved and recovered. As to the second item, it was sufficiently pleaded and proved to entitle him to recover therefor. As to the items claimed for his employee’s wages, and the railroad fare paid for-said employee, they are not recoverable under the allegations of the petition. They are not the natural and proximate results of the breach of the contract, and could not be considered as reasonably within the contemplation of the parties at the time of making the contract. To make such damages recoverable, it would have to be alleged and proved that Murphy, at the time of making the contract, had notice of the facts which would render said damages probable in the event of a breach of the contract. [Jones v. George, 61 Tex. 345; ante, §§ 113, 283.]
§ 749. Contract will be considered compílete, when;estoppel. Murphy contends that the contract of lease was incomplete and therefore not binding upon him, because Service did not pay, or tender payment of the rent, the payment of rent being a condition precedent to the .right of Service to occupy the premises. Murphy, *659 by his own conduct, is estopped from making this objection. ' He admits that he made the contract. Service, in. good faith relying upon the contract, acted upon it with the knowledge and assent of Murphy. Murphy refused to give him possession, not because of a failure to pay the rent, but because he would not agree to pay a greater rent than that which had been stipulated. Under these circumstances it would be inequitable to allow Murphy to avoid liability upon the ground that the contract was incomplete. Because the judgment of the court gave damages not legally recoverable under the allegations and evidence, it is
May 27, 1885.
Reversed and remanded.