## W. C. CORBETT v. E. F. SAYERS.

### Decided May 10, 1902.

**1.—Contract—Sale of Cattle—Payment in Land—Breach—Action for Price—Election.**

Where there was a contract for the sale of cattle at an agreed price, to be paid in land, the seller, on the buyer's failure to pay in land, may, at his option, recover in money the agreed price of the cattle which were delivered and accepted, or he may, in the alternative, recover the value of the land.

**2.—Same—Immaterial Errors—Market Value—Agreed Price.**

The verdict being for a less sum of money than the agreed price of the cattle, defendant was not injured by any errors in the charge on the measure of damage, nor by the admission of evidence as to the market value of the cattle.

**3.—Same—Deed—Delivery—Pleading—Release.**

The court did not error in refusing to instruct a verdict for defendant because plaintiff had not returned a deed of the land delivered to him by defendant, where it clearly appeared that plaintiff asserted no title thereunder; that the deed was never accepted as a conveyance; was not acknowledged, and was delivered to plaintiff's attorney solely to have the title examined. If defendant desired to have the deed delivered back to him, he should have asked for such relief.

Appeal from Harris. Tried below before Hon. Wm. H. Wilson.

*Bullitt & Louis,* for appellant.

*T. W. Archer* and *A. H. Jayne,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit upon the following contract: "Know all men by these presents: That we, W. C. Corbett, of the first part, and E. F. Sayers, of the second part, both of the county of Harris, have this —— made the following trade

and agreement, to be consummated on the following conditions, to wit: First, the said Corbett has this day sold to the said Sayers lots Nos. 1 and 4 of the subdivision of 10-acre block No. 39, Holman survey, in Harris County, adjoining the city of Houston, composed of 18 lots, at the rate of $250 each, or as many of the said lots at the said rate as the said Sayers may be able to deliver cattle therefor, upon the following prices and condition, that is to say: The said Sayers has this day sold and delivered to the said Corbett 133 head of stock cattle, now at the Houston stock yards, branded 'G' on the right hip, at and for the price of $13.50 per head, and agrees to deliver to said Corbettt 65 head, not to exceed 10 6-months-old calves, at La Porte, Texas, said cattle at the price of $13.50 per head, and the said stock at La Porte branded 4—4, and to be delivered within ten days, or such time as may be agreed on, and the said Sayers also agrees to deliver as many as one carload more cattle at the price of $15 per head, calves thrown in, of a good average, to be delivered in Houston, said delivery to be made forty days from this date. Said cattle, at the price aforesaid, are hereby sold to said Corbett in payment for said lots, as far as they will go, at the price of $250 each. The said Sayers not being bound to take any more lots than he cares to deliver cattle at the price aforesaid. Said Corbett to deliver a deed to said property free of any liens to whomsoever the said Sayers may designate. Said Corbett agreeing to deliver deeds to as many of said lots at the above ratio as cattle delivered may amount to at the time of delivering said cattle. Said cattle to be of good average and healthy stock; and the said Sayers does hereby bargain and sell and convey to said Corbett the said 4—4 brand, to be used by the said Corbett should he so desire.

"Said lots are to be selected consecutively, beginning at the corner of Crawford and Elgin streets.

"Witness our hands the date last above written. W. C. Corbett, E. F. Sayers."

After setting out the terms of the contract the petition alleges that plaintiff delivered to the defendant the 133 head of stock described in said contract on the 10th day of October, 1899, and the defendant received the same at the stock yards, in the city of Houston; that defendant has failed, neglected, and refused to execute and deliver to plaintiff a deed to a sufficient number of the lots described in said contract, free of all liens, at the agreed price of said lots to pay for said 133 head of cattle at the agreed price of $13.50 per head, and has failed and refused to execute and deliver to plaintiff a deed to any of said lots or in any manner to pay plaintiff for said stock; that said 133 head of stock so delivered by plaintiff to the defendant were reasonably worth on the market at Houston, Texas, the sum of $13.50 per head, and were in the aggregate of the market value of $1795.50. The prayer is for judgment for the sum of $1795.50 with interest thereon at 6 per cent per annum from October 10, 1899, and for general relief. The defendant answered by general demurrer and general denial. The evidence

shows that the cattle in the stock yards mentioned and described in the contract before set out were taken from the stock yards by the appellant on the 10th day of October, 1899. The appellant testifies that appellee gave him an order on the stock yards for the stock at the time the contract was executed, and that he went to the yards for the cattle on the same day and when he reached there he found eight head dead. The trade was in fact made on the 9th of October, and appellant and appellee on the evening of the 9th examined and counted the cattle and appellant agreed to accept them in the stock yards. The contract was drawn up on the evening of the 9th, but was not executed in duplicate until the next morning. Appellee testified that appellant told him several weeks after the stock were delivered to him that when he went to the stock yards to get the cattle he found three of them dead. Appellant denied this, but upon cross-examination he testified that six of the cattle gave out on the way from the stock yards to his pasture and he gave them away, twenty-five head died after they reached the pasture, and he afterwards sold 110 head. The stock were poor and in bad condition generally. Appellee testifies that they were worth in the Houston market on the day of said sale the average price of $13.50 per head; that he had a general knowledge of the market value of stock, had bought and sold cattle at La Porte and other places, but had never sold any at Houston before this time, but that he knew the market value of other stock in Houston at this time from conversations he had had with five or six cattle buyers to whom he had tried to sell the stock before he sold them to the appellant.

Settegast, a witness for appellant, testified that the market value of this stock in the city of Houston at the time they were sold to appellant was $6 per head, and the appellant testified that such value was not more than $10 per head. On the same day the contract was executed and the stock delivered to appellant he delivered to plaintiff a deed to seven of the lots described in the contract. This deed recites a consideration of $1750, and was signed by appellant. Accompanying this deed was an abstract of the title to the lots. The deed and abstract were turned over to T. W. Archer, appellee's attorney, for examination, and were introduced in evidence by the plaintiff. The abstract shows that the lots were incumbered with a mortgage to secure an indebtedness of $1600. This lien had not been released at the time of the trial. After appellee was informed of the existence of this lien he declined to deliver any more cattle under his contract with appellant unless said lien was released and the deed signed by appellant properly acknowledged, and so notified the latter. Appellant refused to secure a release of the lien or to acknowledge the deed. His only reason for not complying with this requirement of his contract is that, as he explained to appellee, he wanted to purchase a sufficient number of cattle to stock a ranch he then owned, and he did not care to accept under the contract only the cattle delivered to him by appellee. Archer testified that he, as attorney for the appellee, had tried to induce the appellant to have the lots released and

acknowledge the deed to the appellee, and appellant had refused to do either unless appellee delivered all of the cattle mentioned in the contract, and declared to witness that unless the other cattle mentioned in the contract were delivered he would beat the appellee out of the whole thing and the latter would not get a cent for the 133 head which had been delivered.

Upon these facts the court below instructed the jury to return a verdict for the plaintiff against the defendant for the market value of the cattle delivered to the defendant at the time and place of the delivery, with interest at the rate of 6 per cent per annum from the date of delivery. Under this instruction the jury returned a verdict for plaintiff for 133 head of cattle at $13.50 per head with interest at 6 per cent from October 10, 1899, and judgment was rendered thereon in plaintiff's favor for $1936.20 with interest thereon from the date of the judgment at the rate of 6 per cent per annum.

By proper assignments of error the appellant assails the judgment of the court below upon the following grounds: 1. Because the measure of damage for the breach of the contract sued on was the market value of the lots and not the market value of the cattle. 2. Because it being shown that appellant had agreed to pay for the cattle in land, appellee could only recover the market value of the land "unless it was shown that the appellant breached the contract without any legal reason for so doing, and as there was a conflict of evidence upon this issue a peremptory instruction to find for plaintiff the market value of the cattle was error." 3. Because the court erred in refusing to instruct the jury to return a verdict for the defendant on the ground that plaintiff had failed to return the deed to the lots delivered to him by the defendant. 4. Because the court refused to instruct the jury that the defendant was not required under the contract sued on to procure a release of the lien upon the lots "until all the cattle that plaintiff was required under the terms of the contract to deliver were delivered." 5. Because the court refused to instruct the jury that they should not consider the price stated in the contract in determining the market value of the cattle. 6. Because the verdict of the jury fixing the value of the cattle sued for at $13 per head is without evidence to support it.

We think none of these objections to the judgment of the court below should be sustained. The contract sued on is a contract for the sale and purchase of cattle at an agreed price to be paid for in land. It being within appellant's power to release the lien on the lots and convey the same to appellee in accordance with the terms of his contract, upon his failure so to do appellee could recover upon said contract the agreed price of the cattle which had been delivered to the appellant. It may be that appellee had a choice of several remedies, and he doubtless could under the facts of this case recover the value of the lots, but he was not confined to that measure of damage. We think the case presented by the pleadings and evidence is analogous to that of a note payable in property. If the maker of such a note fails to deliver the specific property

on or before the maturity of the note it becomes a money demand. Baker v. Todd, 6 Texas, 273; Short v. Abernathy, 42 Texas, 94; Bummel v. City of Houston, 68 Texas, 10.

The appellant agreed to purchase from appellee 133 head of cattle at $13.50 per head, with the understanding that he could pay the purchase money for the cattle in land at an agreed price. The cattle were delivered to appellant in accordance with the terms of the contract and were received by him. Upon such delivery the appellee was entitled to the agreed consideration of $13.50 per head, which appellant under the contract could satisfy in land. He having willfully refused to convey the land according to the terms of the contract, the agreed consideration for the cattle became a money demand in favor of appellee. The petition in this case alleges the contract and seeks to recover the contract price of the cattle. It also alleges that the contract price of the cattle was their market value, and the court below submitted the case to the jury on the theory that plaintiff was only entitled to recover the market value of the cattle. The verdict of the jury being for a less amount than the contract price, the error of the court in submitting the market value of the cattle as the measure of damages is one of which appellant can not complain. Under the pleadings and the undisputed evidence in the case appellee was entitled to recover the agreed price of the cattle, and the verdict being for a less sum, it is manifest that appellant was not injured by the court's charge on the measure of damages, nor by the improper admission of testimony as to the market value of the cattle.

The court below did not err in refusing to instruct the jury to find for the defendant on the ground that the plaintiff had not returned the deed delivered him by appellant. The pleadings and evidence show conclusively that appellee is asserting no title under the deed, that same was never accepted by him as a conveyance of the land, was unacknowledged, and was delivered to his attorney only for the purpose of having the title to the property examined. If appellant desired to have the deed delivered to him or canceled, he should have asked such relief in his pleadings.

We think it unnecessary to consider the remaining objections to the judgment in detail, because under the views before expressed as to appellee's rights under the contract, it is clear that none of the requested charges should have been given. There is no complaint that the verdict of the jury is unsupported by the evidence except upon the issue of the market value of the cattle, and as before stated this was not under the pleadings and evidence a material issue in the case, and judgment should have been rendered for the plaintiff for not less than the amount found by the jury, regardless of whether said amount was shown by the evidence to be the market value of the cattle. We think the evidence shows that appellant has deliberately disregarded the obligations of his contract, and that the appellee is clearly entitled to recover at least the amount awarded him by the jury.

No error being shown by the record of which appellant can complain, the judgment of the court below will be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.