### ANDERS v. JOHNSON. (No. 2932.)

(Court of Civil Appeals of Texas. Texarkana. May 28, 1924. Rehearing Denied June 12, 1924.)

**1. Appeal and error ☞1040(10)—Error in overruling defendant's exceptions to plaintiff's petition held cured by court's subsequent action.**

If court erred in overruling defendant's exception to plaintiff's petition because suit was on a contract which statute required to be in writing, and writing did not contain a sufficient description of property to make contract enforceable, such error was cured by court's final action in sustaining that defense and refusing to enter judgment on that count of petition which declared on that written contract.

**2. Frauds, statute of ☞110(1)—Description in written contract to convey oil leases held sufficient to meet requirements of statute.**

In suit for damages for breach of a contract to convey oil leases of defined acreage and value on any land which might be situated within described territory larger than tracts to be conveyed, that description in contract was insufficient to identify any particular tract of land would not make contract void under statute of frauds, where parties intended to give grantee option of selecting particular tract within larger territory mentioned; description in such case being sufficient to identify property to be conveyed without resort to parol evidence.

**3. Compromise and settlement ☞6(1)—Parties held to have right to stipulate for future payments in cash, land, or oil leases.**

Where parties had compromised a lawsuit in settling balance due plaintiff they had a right to stipulate for future payments in cash, or contract for payment in land or oil leases.

**4. Frauds, statute of ☞106(2)—When all controlling intentions of parties are expressed in writing statute is satisfied.**

Where all controlling intentions of parties to an instrument are expressed in writing, statute is satisfied.

**5. Appeal and error ☞843(2)—Matters not necessary to decision on review not considered.**

In suit upon written contract to convey oil leases, made in pursuance of compromise and settlement, in which plaintiff asked in alternative that he have judgment on original settlement if not entitled to recover on contract to convey, and defendant pleaded statute of frauds as against contract to convey and limitations as against original settlement, judgment for plaintiff having been affirmed on ground that contract to convey was enforceable, question of limitations would not be considered.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by John W. Johnson against C. L. Anders. Judgment for plaintiff, and defendant appeals. Affirmed.

Neyland & Neyland and T. W. Thompson, all of Greenville, for appellant.

Clark & Sweeton, of Greenville, for appellee.

HODGES, J. This appeal is from a judgment against the appellant for a debt claimed by the appellee. The principal defense relied on in this appeal is limitation and the statute of frauds.

The facts conceded to be true are substantially as follows:

Johnson, the appellee, is the representative of a large number of citizens residing in Hunt county who at one time purchased stock in a corporation known as the Red Chief Mining Company. Anders, the appellant, was the head and principal owner of that corporation. As the assignee and representative of the Hunt county purchasers of stock, Johnson instituted a suit in the district court of that county to recover the money paid for the stock in the Red Chief Mining Company on the ground of fraud. That suit was numbered 12636 on the docket of the district court. On the 22d day of June, 1920, that suit was compromised and settled, and the following written agreement was entered into by the parties interested:

"No. 12636. J. W. Johnson v. Red Chief Mining Company et al.

"In the District Court of Hunt County, Texas, May Term, 1920.

"This day, comes the parties, J. W. Johnson, plaintiff, and C. L. Anders and W. R. Taylor, defendants, and entered the following agreement in full settlement of the matters in controversy in said suit:

"(1) The defendant C. L. Anders has paid to the plaintiff the sum of $1,288, plus the sum of $58, being the amount paid by said Johnson for depositions taken in the case, and said Johnson hereby acknowledged receipt of said sums of money.

"(2) Said Anders agrees to transfer an oil lease covering 40 acres of land located within one mile of the J. W. Howse well in Ouachita county, Ark., value at $1,000, said transfer to be made in accordance with the terms of this instrument within three weeks from this date.

"(3) Said Anders also agrees to transfer an oil lease covering 40 acres of land in Choctaw county, Okl., located within one mile of a well to be drilled by C. L. Anders or his associates, within six months from this date. C. L. An-

ders guarantees to sell this 40-acre lease for the account of said Johnson or any one he may name, before the completion of said well, for the sum of $1,000. In case said Anders offers the $1,000 and his offer is refused within five days after it is made, he shall be released from this obligation to sell. The transfer herein mentioned is to be made in accordance with the terms of this instrument, and whenever said well is located; at all events, to be within six months from this date. This lease is valued at $1,000.

"(4) Said Anders is to transfer an oil lease covering 80 acres of land located in Choctaw county, Okl., and to be within 1½ miles of the well mentioned in paragraph 3 of this contract; and it is understood that said Johnson, or any one acting for or under him, may have the privilege of taking this 80 acres in two different tracts of 40 acres each, and on different sides of the well. This lease is valued at $1,000, and the transfer is to be made within the time and in accordance with the provisions of section 3 of this contract.

"(5) Said Anders agrees to transfer an oil lease covering 40 acres of land located in section 5, township 20, range 5, Claiborne parish, La., and to be in the northeast part of said section. This lease is to be transferred within three days from this date, and is of the value of $1,000.

"(6) Said Anders agrees to transfer an oil lease covering 40 acres of land located in section 12, township 20, range 6, Claiborne parish, La., and to be located in the northwest part of said section. This lease is valued at $1,000, and is to be transferred within three days from this date.

"(7) C. L. Anders also agrees to deliver a lease covering 40 acres of land to be located within one mile of some 'drilling well,' this lease to be transferred within one year from this date.

"(8) It is understood and agreed that each of said leases to be so transferred under the terms of this instrument is to be a valid lease in approved form for oil leases, and is to convey a good and sufficient title and is to be accompanied by an opinion of some reputable lawyer to the effect that the lease is valid and the title is good. Each of said leases is to be transferred to Dr. H. E. Vaughan, of Wolfe City, Tex., who is to hold the title thereto in his name.

"(9) In the event said Anders shall fail to transfer either of said leases within the time and in accordance with the conditions specified in this contract, then he is to pay to the said Johnson, at Greenville, Tex., a sum equal to double the value of said lease as specified herein, said sum to be immediately due and payable upon the failure of said Anders to make the transfer in accordance with this instrument within the time mentioned, it being understood that time is the essence of the contract in this respect.

"(10) It is further understood that the Louisiana lease is a community lease which requires the sinking of a well every six months to protect the lease, and the said Anders agrees to do and perform all things necessary to keep said lease, including the lease herein transferred, valid and live; and in case he fails to do so, he is to pay to the plaintiff the damages he sustains. The Arkansas lease carries an annual rental of 15 cents an acre. The Oklahoma leases carry an annual rental of 25 cents an acre.

"(11) Said Anders guarantees the existence of the facts stated herein."

Upon the failure of Anders to make those conveyances within the time specified in the agreement, Johnson, on the 13th day of April, 1921, filed this suit in the district court of Hunt county. In his original petition he pleaded the above contract, and asked for a judgment in the sum of $6,000. In an amended original petition filed later he pleaded in the alternative that, if he was not entitled to recover upon that contract, he have judgment for the sum of $5,552, the amount due and unpaid in the settlement of the former suit. In his fifth amended answer, upon which the case was tried, the appellant pleaded the statute of frauds against the count declaring on the written instrument, and limitation against that which sought a recovery upon the original settlement.

In pleading the statute of frauds it was alleged that the leases were not sufficiently described in the writing, and for that reason the contract was unenforceable, and would not support an action for damages for its breach. The court overruled the exceptions presenting that defense, and submitted to the jury special issues relating to appellant's failure to perform his written agreement. Those issues were all answered in a manner favorable to the appellee, and upon the findings of the jury the court was authorized to render a judgment for the sum sued for. It appears, however, from recitals in the judgment, and from the briefs and argument of counsel, that after receiving the verdict of the jury the court concluded that the defense based upon the statute of frauds was good, and should be sustained. He thereupon rendered a judgment on the count in the plaintiff's amended petition, which pleaded the oral settlement of the first suit, which is less than the sum authorized by the verdict of the jury.

[1] In this appeal the appellant assigns as error the action of the court in overruling his exceptions to the plaintiff's petition, because the suit was upon a contract which the statute required to be in writing, and the writing did not contain a sufficient description of the property to make the contract enforceable. That error, if it be an error, was cured by the final action of the court in sustaining that defense, and in refusing to enter judgment upon that count of the petition which declared upon that written contract. But, in view of the disposition of this appeal, it becomes necessary to discuss the question raised by those exceptions in the further consideration of the case.

[2, 3] The final ruling of the court, holding that the statute of frauds is applicable as a defense, is based upon the assumption that the written contract is one to convey

real estate, and that the writing does not contain a description sufficient to identify the particular property to be conveyed. Authorities are cited by the appellant which hold that leases of the kind referred to in the contract are real property, and can be conveyed only by an instrument in writing. Cases are also cited which hold that contracts of this character must contain a description sufficient to identify the property without the aid of parol proof. If the court was in error in holding that the contract did not contain a sufficient description of the property intended to be conveyed, then he was also in error in concluding that the contract was unenforceable. Had he entered a judgment upon the special verdict of the jury, the plaintiff would have recovered a larger sum than was awarded him.

We are of the opinion that the court erred in holding that the description contained in the written contract was insufficient to meet the requirements of the statute. We may concede that the oil leases which the appellant was to convey were real property, and could be legally conveyed only by an instrument in writing. We may also concede that the description contained in the writing is not sufficient to identify any particular territory, or tract of land. If this were a suit to enforce specific performance of a contract to convey leases upon particular tracts of land, or one to recover damages for the breach of such a contract, the plaintiff would probably fail because of the insufficiency of the written description. But this is neither a suit to enforce specific performance of a contract to convey leases covering particular tracts of land, nor one to recover damages for the breach of a contract to convey leases covering particular tracts of land. It is a suit for damages for the breach of a contract to convey leases of defined acreage and value on any land which may be situated within described territory larger than the tracts to be conveyed.

The proof shows that at the time this contract was made the parties had just compromised and settled a lawsuit, and that it had been agreed that the appellant owed the appellee the sum of $6,440. On that sum $1,288 was then paid in cash, and the remainder was to be paid in the manner set out in the written contract. In settling that balance the parties had a right to stipulate for future payments in cash; or they might, if they saw proper, contract for payment in land, or in oil leases. Corbett v. Sayers, 29 Tex. Civ. App. 68, 69 S. W. 108; Stevens v. Lee, 70 Tex. 279, 8 S. W. 40; Miller v. Roberts, 18 Tex. 16, 67 Am. Dec. 688. They also had the right, in providing for payment in leases, to stipulate for leases covering specific and well-defined tracts of land, or they might agree, as they did in this instance,

that payment could be made by the conveyance of leases of defined acreage and value, covering any lands situated within certain larger territorial limits. In describing the leases to be conveyed the writing need not be any more specific than was required to fully and fairly express the intention of the parties. If in this instance they intended that the appellant should have the option of selecting the particular tracts or blocks of land lying within the limits of the larger territory mentioned, the description is sufficient to meet all the requirements of the statute. There is, in that event, no occasion to supplement the writing with parol evidence as to the identity of the land the parties had in mind. That would follow because they did not intend to confine the conveyance to any particular tracts or blocks of land.

[4] As has been frequently said, the law commonly referred to as the statute of frauds was enacted for the purpose of preventing a resort to parol evidence in proving contracts for the conveyance of real property. All of the controlling intentions of the parties must be expressed in the writing. When that is done the writing is as full as the law requires. Under the terms of this written contract the appellant had the option of selecting any tracts or blocks of land of the size and value stated, situated within the boundaries specified. The appellee claimed no right to select any particular tract and demand its conveyance. The contract expressly gave him all the rights he could assert, and was as specific as was necessary to be a full record of the intention of the parties.

Appellant cites many cases which hold that contracts for the conveyance of real property must contain a description sufficiently definite to identify the precise land to be conveyed. Those decisions have no application to a contract of this kind. Manifestly, when the parties have in mind the conveyance of a particular tract of land, and no other, the land must be properly described. But that rule can have no application to transactions where the parties have not intended to make any particular tract or parcel of land the subject-matter of the contract.

[5] It follows from what has been said that, notwithstanding the error discussed, the judgment must be affirmed. There is no complaint by the appellant that the judgment is excessive because of part performance of his contract; nor is there any complaint by the appellee that the judgment was inadequate.

Since the record justifies an affirmance on the ground stated, it is unnecessary to discuss the questions raised in the plea of limitation. That defense is not available if the written contract is enforceable.

The judgment will be affirmed.