### ANDERS v. JOHNSON. (Nos. 673–4248.)

(Commission of Appeals of Texas, Section A. Oct. 28, 1925.)

**1. Mines and minerals ⬅➙48—Oil in place under land is "real estate."**

Oil in place under land is "real estate."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Estate.]

**2. Frauds, statute of ⬅➙63(2)—Transfer or assignment of lease is conveyance of oil under land described therein within statute.**

The transfer or assignment of a lease is conveyance of oil under the land described therein, and is within statute of frauds; Rev. St. art. 3965, requiring leases of property for more than one year to be in writing.

**3. Frauds, statute of ⬅➙110(1)—Settlement contract in failing to describe lands or character of oil leases agreed to be conveyed did not comply with statute.**

Where contract for settlement of litigation by payment of money and transfer of oil leases did not so describe lands and leases as to identify them, there was no compliance with statute of frauds (Rev. St. art. 3965), and action will not lie to enforce terms of contract or recover damages for its breach.

**4. Appeal and error ⬅➙362(1)—Supreme Court will refuse to consider errors if not presented in petition for writ of error.**

Supreme Court will refuse to consider errors urged if plaintiff in error in his petition for writ of error did not present same.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by J. W. Johnson against C. L. Anders. To review a judgment of the Civil Court of Appeals (263 S. W. 946) affirming a judgment for the plaintiff, the defendant brings error. Reversed and remanded to the Court of Civil Appeals.

Neyland & Neyland and T. W. Thompson, all of Greenville, for plaintiff in error.

C. A. Sweeton, of Houston, and Clark & Clark, of Greenville, for defendant in error.

BISHOP, J. Plaintiff in error, C. L. Anders, and one Taylor sold to defendant in error, J. W. Johnson, and a number of other persons residing in Hunt county, Tex., shares of stock in a corporation known as the Red Chief Mining Company. The interests and claims of all the other parties having been transferred to Johnson, he filed suit against Anders and others to rescind the sales of the mining stock and to recover the purchase money paid therefor on the ground of fraud. That suit was settled June 22, 1920, by agreement between the parties, and dismissed. The amount that Anders had received for the stock with legal interest to the date of settlement was $6,440, and the settlement was based upon the repayment of this sum. The certificates of stock were transferred and delivered to Anders, who paid Johnson in cash $1,288, and, to satisfy the balance, executed the following contract and agreement:

"No. 12636.    J. W. Johnson v. Red Chief Mining Company et al.

"In the District Court of Hunt County, Tex., May Term, 1920.

"This day comes the parties, J. W. Johnson, plaintiff, and C. L. Anders and W. R. Taylor, defendants, and entered the following agreement in full settlement of the matters in controversy in said suit:

"(1) The defendant C. L. Anders, has paid to the plaintiff the sum of $1,288, plus the sum of $58, being the amount paid by said Johnson for depositions taken in the case, and said Johnson hereby acknowledged receipt of said sums of money.

"(2) Said Anders agrees to transfer an oil lease covering 40 acres of land located within one mile of the J. W. Howse well in Ouachita county, Ark., valued at $1,000, said transfer to be made in accordance with the terms of this instrument within three weeks from this date.

"(3) Said Anders also agrees to transfer an oil lease covering 40 acres of land in Choctaw county, Okl., located within one mile of a well to be drilled by C. L. Anders or his associates, within six months from this date. C. L. Anders guarantees to sell this 40-acre lease for the account of said Johnson or any one he may name, before the completion of said well, for the sum of $1,000. In case said Anders offers the $1,000, and his offer is refused within five days after it is made, he shall be released from this obligation to sell. The transfer herein mentioned is to be made in accordance with the terms of this instrument, and whenever said well is located; at all events, to be within six months from this date. This lease is valued at $1,000.

"(4) Said Anders is to transfer an oil lease covering 80 acres of land located in Choctaw county, Okl., and to be within 1½ miles of the well mentioned in paragraph 3 of this contract; and it is understood that said Johnson, or any one acting for or under him, may have the privilege of taking this 80 acres in two different tracts of 40 acres each, and on different sides of the well. This lease is valued at $1,000, and the transfer is to be made within the time and in accordance with the provisions of section 3 of this contract.

"(5) Said Anders agrees to transfer an oil lease covering 40 acres of land located in section 5, township 20, range 5, Claiborne parish, La., and to be in the northeast part of said section. This lease is to be transferred within

---

⬅➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

three days from this date, and is of the value of $1,000.

"(6) Said Anders agrees to transfer an oil lease covering 40 acres of land located in section 12, township 20, range 6, Claiborne parish, La., and to be located in the northwest part of said section. This lease is valued at $1,000, and is to be transferred within three days from this date.

"(7) C. L. Anders also agrees to deliver a lease covering 40 acres of land to be located within one mile of some 'drilling well,' this lease to be transferred within one year from this date.

"(8) It is understood and agreed that each of said leases to be so transferred under the terms of this instrument is to be a valid lease in approved form for oil leases, and is to convey a good and sufficient title, and is to be accompanied by an opinion of some reputable lawyer to the effect that the lease is valid and the title is good. Each of said leases is to be transferred to Dr. H. E. Vaughan, of Wolfe City, Tex., who is to hold the title thereto in his name.

"(9) In the event said Anders shall fail to transfer either of said leases within the time and in accordance with the conditions specified in this contract, then he is to pay to the said Johnson, at Greenville, Tex., a sum equal to double the value of said lease as specified herein, said sum to be immediately due and payable upon the failure of said Anders to make the transfer in accordance with this instrument within the time mentioned, it being understood that time is the essence of the contract in this respect.

"(10) It is further understood that the Louisiana lease is a community lease which requires the sinking of a well every six months to protect the lease, and the said Anders agrees to do and perform all things necessary to keep said lease, including the lease herein transferred, valid and live; and in case he fails to do so, he is to pay to the plaintiff the damages he sustains. The Arkansas lease carries an annual rental of 15 cents an acre. The Oklahoma leases carry an annual rental of 25 cents an acre.

"(11) Said Anders guarantees the existence of the facts stated herein."

Johnson, on April 13, 1921, filed this suit against Anders to recover damages for his breach of the agreement to convey the oil leases, alleging that this contract was executed in settlement of the former suit. In his amended petition filed March 9, 1923, he sought recovery for breach of the contract, and in the alternative sought to recover the consideration paid by him to Anders for the leases Anders agreed to convey to him. He in substance alleged that at the time of the settlement of the former suit it was agreed that Anders should repay to him the amount received for the stock, with legal interest amounting to the sum of $6,440; that 20 per cent. or $1,288, should be paid in cash, which was done, and that the balance, amounting to $5,152, was the consideration on which the contract to convey the leases was based; and that said consideration was paid by Johnson to Anders when said former suit was settled, and the contract executed. He prayed for

judgment for said amount of $5,152, with legal interest from date of said settlement.

Anders pleaded the statute of frauds against the count seeking recovery for breach of the contract, and the statute of two years' limitation against the alternative plea seeking to recover the consideration paid on the contract to convey said leases.

The district court rendered judgment in favor of Johnson on his alternative plea for the consideration paid by him for the leases, denying any recovery for breach of the contract, on a holding that the contract did not comply with the requirements of the statute of frauds, and there could be no recovery for its breach.

Anders appealed to the Court of Civil Appeals, and the judgment was there affirmed. 263 S. W. 946. The Court of Civil Appeals in its opinion held that the contract was not in contravention of the statute of frauds, and that recovery should have been had for its breach. The court also held that, as the judgment was for a sum less than that to which Johnson was entitled under the count seeking recovery for a breach of the contract, it should be affirmed, and that for that reason it was unnecessary to consider the question raised by the plea of limitation, as that plea was not available if the contract was enforceable.

[1-3] Oil in place under land is real estate. The leases contemplated in the foregoing instrument were conveyances of title to oil under the several tracts of land designated. The character, extent, and duration of title varies in different leases according to the terms contained in each transfer or conveyance. The transfer or assignment of a lease is a conveyance of the oil under the land described therein. By article 3965, Revised Statutes, it is provided that no action shall be brought in any of the courts upon any contract for the sale of real estate, or the lease thereof for a longer term than one year, unless the promise or agreement is in writing. It has been repeatedly held that a contract for the sale of real estate which does not describe the subject-matter sufficiently to identify it, though in writing, does not meet the requirements of this article, and that no action may be brought either to enforce its terms or for damages for its breach. This instrument fails to describe the lands with sufficient certainty to identify them. No description of the character of the leases which Anders agreed to convey is given. From the terms of the instrument it appears that Anders reserved the right to select and transfer to Johnson oil leases of some undefined character which should convey to him oil in place under lands which are not described. It would not be possible to enforce the terms of this contract, and no action could be maintained for damages for its breach. Cantrell v. Garrard (Tex. Com. App.) 240 S. W. 533;

Gatewood v. Graves (Tex. Civ. App.) 241 S. W. 264.

The opinion of the Court of Civil Appeals in this case is in direct conflict with the holding in the case of Cantrell v. Garrard, supra, in which it was held that no recovery could be had for the breach of the contract to sell an oil lease, where the contract failed to describe the lease with sufficient certainty to identify it. We quote from the opinion in that case as follows:

"A contract for the sale or conveyance of the lease under consideration was required by our statutes to be in writing. R. S. arts. 1103 and 3965. The lease itself constituted the subject-matter of the contract. The land upon which the lease was given was one of the essential elements of description, but not by any means the only one. The term for which the lease was to run, the time for beginning drilling operations, the time and amount of payments in lieu of drilling operations, and the amount to be paid for gas produced, were also essential elements of description."

Johnson asserted two distinct causes of action in two separate counts in his petition. His first count is a suit for damages for breach of the contract for the sale of oil leases, and his second an alternative plea to recover the amount paid by him for the leases which were to be conveyed to him under the terms of the contract. On trial, the district court denied recovery on the first count pleaded, but awarded him judgment on the second. The Court of Civil Appeals held that he was entitled to recover on the first count, and for this reason affirmed the judgment. Anders, in his application for writ of error, urges no error which would in any way affect the judgment rendered by the district court. The errors assigned in the application affect only the holding of the Court of Civil Appeals on the issue as to whether the contract is enforceable, and do not otherwise question the correctness of the judgment rendered in the trial court, which was affirmed on appeal.

[4] The question as to whether the trial court erred in not sustaining Anders' plea of limitation is not assigned as error in the application for the writ, and cannot be here considered, for the reason that the Supreme Court will refuse to consider error urged by the plaintiff in error, if not presented in his petition for writ of error. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185; Link v. City of Houston, 94 Tex. 378, 59 S. W. 556, 60 S. W. 664.

Here the Court of Civil Appeals has based its affirmance entirely on this erroneous holding, and for this reason has not considered the assignment relating to the plea of limitation and other assignments there presented. We therefore recommend that the judgment of the Court of Civil Appeals be reversed and the cause remanded to that court for further consideration, having in view the correction of the error in its opinion herein indicated.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration, in accordance with the opinion of the Commission of Appeals.